[No. 31170.   Department Two.   April 3, 1950.]

GERARD A. GREISEN, *Respondent*, v. JAMES A. ROBBINS, SR., *et al., Appellants.*[1]

*Geo. H. Crandell,* for appellants.

*Stanley C. Soderland,* for respondent.

[1]Reported in 216 P. (2d) 210.

MALLERY, J.—This is an appeal by the defendant from a judgment based upon the verdict of a jury in favor of the plaintiff, in an automobile collision case.

The respondent parked his car, on the night of September 18, 1948, outside the city limits of Seattle, so that it extended two feet onto the traveled, hard-surfaced portion of the highway. At this point, the pavement was twenty-one feet wide with four and one-half foot shoulders on each side. The automobile was unlighted. This was negligence *per se,* being in violation of Rem. Rev. Stat., Vol. 7A, § 6360-110 [P.P.C. § 295-71], and Rem. Rev. Stat., Vol. 7A, § 6360-19 [P.P.C. § 291-11].

The appellant, while intoxicated, drove his car into the rear end of respondent's car at about midnight. His negligence is conceded and is not here in question. The appellant contends that the respondent was guilty of contributory negligence, as a matter of law, by reason of his positive violation of the controlling statutes heretofore cited.

One driving at night, outside of cities and towns, has a right to assume, in the absence of a red light to warn him to the contrary, that the traveled portion of the highway ahead of him is safe for travel and unobstructed. *Morehouse v. Everett,* 141 Wash. 399, 252 Pac. 157; *Coins v. Washington Motor Coach Co.,* 34 Wn. (2d) 1, 208 P. (2d) 143.

It may be noted that, in this kind of a collision, it is the person colliding with a wrongfully parked car who generally brings the action.

· The duty of care, imposed by the statutes, is for the benefit of all users of the highway. Proof of a user's negligence, if it is one of the proximate causes of the injury, will, of course, defeat his own recovery, but that is not to say that the violation of the statutes is thereby excused or that the respondent owed to the appellant no duty to obey the statutes because of his intoxication.

The cited statutes are general in nature, and will not bear a construction which would strike from their purview the applicability of the duty of care in parking therein im-

posed as to all negligent persons as a class or to intoxicated persons in particular.

The negligence of others may not be converted from a shield into a sword.

■ Accordingly, we hold that the respondent was guilty of contributory negligence, as a matter of law, and that the trial court erred in not granting the motions to dismiss and for judgment n.o.v.

■ The respondent had parked his car at the place of the accident at six o'clock in the evening, at the entrance of a private driveway. His negligence must be presumed to have continued until the time of the collision, in the absence of a showing that he could not have removed it from the pavement.

■ He was not in such an inextricable position as to be able to invoke the doctrine of last clear chance. *Chadwick v. Ek,* 1 Wn. (2d) 117, 95 P. (2d) 398; *Coins v. Washington Motor Coach Co., supra.*

Where an action must be dismissed on its facts, as a matter of law, a discussion of collateral legal contentions which, at best, would constitute only dicta, would be bootless and is, therefore, omitted.

The judgment is reversed.

SIMPSON, C. J., ROBINSON, HILL, and HAMLEY, JJ., concur.

———————

May 12, 1950. Petition for rehearing denied.