[No. 33666. *En Banc.* December 19, 1957.]

HOMER L. BAILEY, *Appellant*, v. ALLEN G. CARVER, *Respondent*.[1]

*Foster & Foster* and *B. Franklin Heuston,* for appellant.

*Pebbles & Swanson,* for respondent.

FINLEY, J.—This is an action to recover damages for personal injuries and property damage sustained as a result of an automobile collision.

The first appeal of this case (*Bailey v. Carver,* 47 Wn. (2d) 153, 286 P. (2d) 680) resulted in a reversal of the judgment which had dismissed plaintiff's action. The cause was remanded for a new trial. The cross-complaint was dismissed at the first trial. There was no appeal from this; thus, the second trial proceeded upon the plaintiff's complaint and defendant's answer and affirmative defense. The evidence adduced at the second trial was substantially the same as outlined in the opinion of this court in *Bailey v. Carver, supra,* and counsel do not contend otherwise. The

418

pleadings and the evidence at the second trial raised no new issue of fact or law.

The second jury also returned a verdict for the defendant. Again, the trial court entered judgment dismissing plaintiff's action with prejudice. The plaintiff has appealed.

At the outset, appellant contends that it was error to submit the question of contributory negligence to the jury, and that the trial court erred in refusing to direct a verdict for the appellant.

■■ No discretion is involved in ruling on a motion for a directed verdict. Such motion may be granted only where there is, as a matter of law, no evidence or reasonable inference therefrom to support the view of the party against whom the motion is made. Considering the evidence in the light of these rules, we cannot say that the trial court erred in refusing to direct a verdict for the appellant; nor did the trial court err in submitting the question of contributory negligence to the jury. There was evidence from which the jury could reasonably infer that appellant's own negligence proximately contributed to his injury.

■■ Appellant contends that the trial court's instruction No. 6 did not adequately instruct the jury as to the law of contributory negligence, in that it failed to advise the jury that the alleged negligence of the plaintiff must proximately contribute to his injuries in order to bar his recovery. If the instruction was deficient in this respect, it was cured when read in connection with instructions Nos. 16, 19 and 20, which properly defined contributory negligence and advised the jury, in effect, that appellant could not recover if any contributory negligence on his part materially or proximately contributed to the collision.

■■ Appellant assigns error to the giving of instruction No. 12, which reads as follows:

"You are instructed, as a matter of law, that one driving at night, outside cities and towns, in the absence of a red *or other light* to warn him to the contrary, can assume that the traveled portion of the road ahead of him is unobstructed and safe for travel. You are further instructed that the excessive speed of travel of such car, if any, does not in any

way destroy such assumption nor does it eliminate the requirement of warning of the presence of an obstruction in such traveled portion of the road." (Italics ours.)

Specifically, appellant contends that the inclusion of the words "or other light" in instruction No. 12 makes it an improper statement of the law. Appellant argues that it is the law of this jurisdiction that, in the absence of a "red light" warning him to the contrary, one driving at night outside cities and towns can assume that the traveled portion of the road ahead is unobstructed and safe for travel. Appellant's theory assumes too much; namely, that under no circumstances could there be a warning from lights other than a red one. There is a statement in *Greisen v. Robbins* (1950), 36 Wn. (2d) 64, 216 P. (2d) 210, which appears to support appellant's contention. However, the statement must be considered in its factual context. In the *Robbins* case, *supra*, a driver struck the rear of a completely unlighted car which was parked partly on the roadway. Thus, the facts in the instant case are clearly distinguishable, and the statement simply is not applicable. The two cases cited as authority in *Robbins*, *supra*, clearly recognize the possibility of *other warning lights*.

In the case at bar, one facet of respondent's defense was the theory that his headlights, shining upon or across the highway, should have been a sufficient warning of his presence on or near the highway. We agree with respondent that it was a matter for the jury to determine whether his lights were shining in such a manner and direction as to provide a warning to appellant. Respondent was entitled to have his theory submitted to the jury under proper instructions. Instruction No. 12 was not error.

Appellant contends that the trial court erred in refusing to give his proposed instruction No. 17, which reads:

"You are instructed that the excessive speed of a car, if any, is not the proximate cause of damage if the driver of such car was where he had a right to be and the driver would not have had sufficient time to avoid the collision, had he been driving at a lawful speed."

In support of the above contention, appellant argues that the jury could find that his excessive speed, if any, was not a proximate cause of the collision; that on the first appeal this court indicated that, under instruction No. 11, appellant's right of way should have been preserved as against a disfavored driver by a proper instruction.

Clearly, under appellant's theory of the case and under the law as announced in the first appeal, appellant's *proposed* instruction No. 17 should have been given, and the trial court erred in failing to do so.

■ The trial court's instruction No. 13 instructed the jury, in part, that

". . . a driver upon an arterial highway has the right to assume that the driver of a vehicle entering upon such arterial highway *will yield the right of way* to the users of the arterial highway . . ." (Italics ours.)

RCW 46.60.170 specifically provides that the operator of a vehicle "shall *stop* as required by law (italics ours) at the entrance to any intersection with an arterial public highway." The statute is mandatory. *Miller v. Asbury*, 13 Wn. (2d) 533, 125 P. (2d) 652. It was error to refuse to give appellant's *proposed* instruction No. 13, wherein the words, *stop* and *yield*, were used in conformity with the requirements of RCW 46.60.170.

■ The trial court's instruction No. 17 reads as follows:

"You are instructed that a party may not invoke the doctrine of sudden emergency where that emergency is brought about, in whole or in part, by his own negligence. In other words, it applies only to a party who, at the time the peril arises, is himself operating without negligence, not to one who is then committing a wrong."

Appellant's objection to the above instruction is actually twofold: First, that the pleadings and evidence do not warrant an instruction on sudden emergency; second, that the instruction does not properly define the sudden emergency doctrine.

Instruction No. 17 was not within the pleadings and the evidence and, therefore, was erroneous and prejudicial.

The judgment is reversed, and the cause remanded with instructions to grant appellant a new trial.

HILL, C. J., MALLERY, DONWORTH, WEAVER, ROSELLINI, and OTT, JJ., concur.

FOSTER, J., did not participate.

