[No. 34453.   Department Two.   September 25, 1958.]

EDWARD F. MURRAY, JR. et al., Respondents, v. CHARLES D. MOSSMAN, Appellant.[1]

[1]Reported in 329 P. (2d) 1089.

*O'Leary, Meyer & O'Leary*, for appellant.

*Kennett, McCutcheon & Soderland* and *Brodie & Fristoe*, for respondents.

WEAVER, J.—This is an action for damages arising from an automobile collision. At the commencement of trial, defendant amended his answer, admitted liability, and lim-

ited the issue to the amount of damages to which plaintiff might be entitled. Defendant appeals from the judgment entered after the jury verdict.

We consider appellant's (defendant's) eight assignments of error in order, stating only those facts necessary to the discussion of each assignment.

On *voir dire* examination of prospective juror number one, appellant's counsel inquired if she were a member of a certain fraternal organization. She replied in the affirmative. The objection of respondent's counsel, that such a question was improper because, *inter alia*, it would tend to bring into the case extraneous matters, was sustained by the trial judge, who directed appellant's counsel not to "inquire about the named organization further on the voir dire examination of this juror and the other prospective female jurors."

Juror number one was accepted and served on the panel. Appellant exercised only one pre-emptory challenge.

The trial court has considerable latitude in guiding the *voir dire* examination of prospective jurors. The pertinency of the questions and the limits and extent of the examination are within its discretion (*State v. Tharp*, 42 Wn. (2d) 494, 499, 256 P. (2d) 482 (1953)), and the trial court can only be reversed if it can be said that there has been an abuse of discretion.

In the instant case, the *voir dire* examination of prospective jurors was not recorded by the court reporter. The statement of facts contains a twenty-line narrative statement (page 6-A, apparently prepared and inserted after the statement of facts had been written and paged) of what took place. From the record before us, we cannot say that the trial court abused its discretion.

Five photographs of the scene of the accident were admitted in evidence for the limited purpose of showing the force of the impact that resulted in damage to respondent— a whiplash injury. Certain witnesses were permitted, over objection, to mark the exhibits and to testify concerning the point of impact and the course appellant's car took after the accident.

■ Our conclusion, that admission of the photographs and testimony pertaining thereto did not constitute reversible error, is governed by the *rationale* of our decision in *Snyder v. General Electric Co.*, 47 Wn. (2d) 60, 68, 287 P. (2d) 108 (1955), wherein this court said:

"When the defendant in a negligence case admits liability and contests only the question of damages, he is entitled to have excluded from the testimony all references to the manner in which the accident occurred *except such as are relevant to the question of damages.* The trial court announced its adherence to this principle and sought to so limit the testimony. *A trial court's ruling that testimony received is relevant to the question of damages is not to be overridden unless an abuse of discretion is shown.*" (Italics ours.)

With minor exceptions in the testimony (the admission of which is not sufficient to constitute an abuse of discretion), the photographs and the testimony concerning them tended to show the force and direction of the impact that resulted in respondent's injury.

Appellant assigns error to instruction No. 2, urging that (a) it violates Rule of Pleading, Practice and Procedure 9, 34A Wn. (2d) 74, which provides that "pleadings shall not go to the jury room"; and that (b) it submits to the jury the issue of respondent's loss of wages of which there is no evidence in the record.

■ Instruction No. 2 quotes seven paragraphs of respondent's complaint verbatim. They are enclosed in quotation marks and identified by the Roman-numeral designations of the complaint. The instruction is introductory; it informs the jury of respondent's claim for damages; it informs the jury that appellant denies the claim.

"But the appellant mistakes the purpose of the rule. [Rule of Pleading, Practice and Procedure 9] It was not intended by the rule to prevent the court from stating to the jury the issues they were required to determine, nor was it intended to control its language when so stating the issues. On the contrary, it was intended by the rule that the jury should derive their knowledge of the issues from the instructions of the court, and not be left to gather them from their own construction of the pleadings. Obviously,

therefore, it is immaterial whether, in stating the issues, the court adopts the language of the pleadings or uses language of its own choosing. The only material inquiry is, whether, by the instructions, whatever language may be used, the jury were properly instructed as to the issues." *Settles v. Johnson,* 162 Wash. 466, 473, 298 Pac. 690 (1931).

The rule was not intended to interfere with the giving of instructions necessary to call attention to the essential issues of the case. *State v. Ramos,* 159 Wash. 599, 602, 294 Pac. 223 (1930); see *Robinson v. Ebert,* 180 Wash. 387, 397, 39 P. (2d) 992 (1935); *Ulve v. Raymond,* 51 Wn. (2d) 241, 251, 317 P. (2d) 908 (1957).

The second facet of this assignment of error, however, points up the danger of quoting too extensively the allegations of the pleadings when defining the issues. One of the quoted paragraphs of respondent's complaint states that respondent "has lost earnings for said days in the sum of $80." Respondent testified that she had not lost any wages as a result of the accident; hence, appellant urges that an issue was presented to the jury that was not supported by the evidence.

■ Although it was error to include the issue of loss of wages in instruction No. 2, we do not find it reversible error. Instruction No. 3 informs the jury that respondent has the burden of proving her allegations. Instruction No. 6, in which the court set forth the elements of damages that the jury may consider, does not include "loss of wages." This instruction is curative and the jury could not have been misled by instruction No. 2.

Appellant assigns error to a portion of instruction No. 6 that states: "You may consider any impairment of [plaintiff's] *earning capacity* which you find established by the evidence" (Italics ours.) because "there was no evidence that would justify any such finding."

■ Impairment of earning capacity is different from loss of wages. It is the permanent diminution of the ability to earn money.

■ Respondent, a private secretary, testified that since the accident, she has experienced a loss of sensation in her

arm and hand; that her ability to take shorthand is affected; that typing is more difficult and that she often finds it necessary to retype her work; that she is not as efficient as she was. A witness who works with respondent testified that respondent has slowed down in every respect; that she complains of feeling tired, suffering from headaches and backaches; that she frequently has to retype her work; that her shorthand notes are not as good as they used to be.

This evidence is sufficient to warrant that portion of instruction No. 6, quoted *supra*. *Johnson v. Howard,* 45 Wn. (2d) 433, 450, 275 P. (2d) 736 (1954), and cases cited; see *Connolly v. Pre-Mixed Concrete Co.*, 49 Cal. (2d) 483, 319 P. (2d) 343 (1957).

Appellant assigns error to the court's refusal to give his requested instruction No. 2 dealing with respondent's duty to mitigate damages. The requested instruction would have required the jury to inquire into two subjects: (1) whether respondent exercised reasonable care and diligence "in the matter of consulting doctors" and (2) whether she exercised reasonable care and diligence in "following the course of treatment, if any, prescribed by such doctors."

■ There is no evidence that respondent did not timely consult competent doctors; the evidence is to the contrary. It would add nothing to the decisional law of this jurisdiction to set forth respondent's medical history. It is sufficient to state that the record supports the trial court's conclusion that "the evidence did not justify giving defendant's [appellant's] requested instruction No. 2 relative to plaintiff's duty to take treatments."

■ Instruction No. 4 properly defines "burden of proof" and "fair preponderance of the evidence." The court concluded the instruction by stating: "In criminal cases, the proof must be 'beyond a reasonable doubt.' Such is not the rule with respect to civil actions such as this."

The quoted portion of the instruction was merely cautionary. We do not see how it could mislead the jury. As the trial court remarked: "Such an instruction might remove a misapprehension and could harm no one." It has

previously been approved by this court. See *Hart v. Niagara Fire Ins. Co.*, 9 Wash. 620, 635, 38 Pac. 213 (1894).

■ Appellant's remaining assignments of error are directed to the entry of judgment on the jury's verdict and denial of a motion for a new trial. They are not argued in appellant's brief and cannot be considered, except as they are supported by the arguments made in support of other assignments of error that we have found were not well taken.

■ Appellant devotes a portion of his brief to the argument that the verdict of the jury is excessive. No error has been assigned to the claimed excessiveness of the verdict, and it cannot be considered. Rule on Appeal 43, 34A Wn. (2d) 47, as amended, effective January 2, 1953.

The judgment is affirmed.

HILL, C. J., DONWORTH, ROSELLINI, and FOSTER, JJ., concur.

---

December 10, 1958. Petition for rehearing denied.