[No. 35107. *En Banc.* September 22, 1960.]

LeVerne B. Albert, *as Executrix, Appellant,* v. Lloyd J. Krause *et al., Respondents.*[1]

*Johnston & Raley,* for appellant.

*Sweet & Merrick* and *Severyns & Moffett,* for respondents.

Rosellini, J.—This appeal is taken by the surviving widow of Richard T. Albert, from a judgment entered upon a verdict of a jury in favor of the respondents in a wrongful

[1]Reported in 355 P. (2d) 327.

death action brought by the appellant, on behalf of herself and her two minor children, by reason of the death of her husband in the collision of two vehicles.

The accident occurred three hours after dark on the evening of December 11, 1957, when the decedent's Volkswagen panel truck collided with a truck and trailer operated by agents of the respondents, which had been stalled across the highway for approximately two minutes. The truck and front end of the trailer were off the traveled portion of the highway on one side of the road, to the right of the decedent's lane of travel, and the rear end extended across the traveled portion of the other side. There was some dispute in the testimony as to whether it extended onto the shoulder.

The truck and trailer were equipped with fusees and reflectors, as required by law, but these signals had not been put out when the accident took place. However, one of the two occupants of the truck, seeing the approaching vehicle, jumped out of the truck and ran toward the vehicle waving a flashlight for approximately four hundred feet. This flashlight had a green plastic shield and was pointed toward the ground as it was waved. There were red lights on the front and rear of the trailer and on the truck, but the evidence tended to show that none of these was on the traveled portion of the roadway. The decedent did not stop but, without slackening speed, drove around the man carrying the flashlight and into the side of the trailer. The evidence was that he was traveling at a lawful rate of speed at the time.

There is but one assignment of error, and that pertains to the giving of instruction No. 11, which was:

"You are instructed, as a matter of law, that one driving outside cities and towns can assume that the traveled portion of the road ahead of him is unobstructed and safe for travel, unless he receives such warning as would cause an ordinarily careful and prudent person to be placed on notice that such road may be obstructed."

This instruction was erroneous under the law, the appellant maintains, and the court should have given instead his requested instruction No. 9, reading:

"You are instructed as a matter of law that one driving at

night outside cities and towns, in the absence of a light to warn him to the contrary, can assume that the traveled portion of the road ahead of him is unobstructed and safe to travel."

This instruction which the appellant proposed is taken almost verbatim from an instruction approved by this court in *Bailey v. Carver*, 51 Wn. (2d) 416, 319 P. (2d) 821, the only difference being that the instruction in that case employed the term "red or other light" rather than the single word "light."

The respondents argue that the court should not consider the assignment of error, maintaining that the exception taken by the appellant in the trial court was insufficient to preserve the alleged error, in that her counsel merely stated that the correct rule, as set forth in *Bailey v. Carver, supra,* was embodied in her proposed instruction, and that the court's instruction was incorrect. But we think the court's remarks at the time the requested instruction was refused, indicate that the appellant's theory was fully understood, and that further elaboration by her counsel would have been to no avail.

The appellant contends, and rightly we think, that the instruction given by the court in this case effectively deprives the decedent of the benefit of the rule giving him the right to assume, in the absence of a warning to the contrary, that the road was unobstructed. As the appellant points out, a user of the highways is always warned that they may be obstructed, for the possibility is inherent in the use to which highways are put and for which they are designed. But under our law, one driving at night is entitled to proceed upon the assumption that the highway is unobstructed unless he receives a warning sufficient to apprise him that it is obstructed.

In *Morehouse v. Everett*, 141 Wash. 399, 252 Pac. 157, 58 A. L. R. 1482, we said, in a statement which we have often quoted in later cases:

" . . . One driving at night has at least some right to assume that the road ahead of him is safe for travel, unless dangers therein are indicated by the presence of red lights;

. . . the law imposes the duty on all autos traveling at night to carry a red rear light and the duty on all persons who place obstructions on the road to give warning by red lights or otherwise; . . . a driver at night is looking for a red light to warn him of danger and not for a dark and unlighted auto or other obstruction in the road. We believe that, generally speaking, where the statutes or the decisions of the courts require red lights as a warning of danger on any object in the highway and such lights are not present, it is a question for the jury to determine whether the driver at night *should have seen the obstruction,* notwithstanding the absence of red lights." (Italics ours.)

In a later decision, *Bailey v. Carver, supra,* we held that lights other than red lights may be sufficient in some circumstances to warn of the presence of an obstacle. In that case it was held to be a jury question whether the defendant's headlights, shining upon or across the highway, were shining in such a manner and direction as to provide a warning to the plaintiff that the road *was* obstructed.

In this case there were red lights on the truck, but the evidence was that they were off the highway. These were sufficient to warn the decedent of the possibility of an obstruction, but not sufficient to warn of its presence. While a red light is a signal of danger, it is also a signal that usually points out the place of danger; and it is not the rule that the driver of an automobile must stop his car or check his speed every time he sees a red light on the highway, at the risk of being chargeable with negligence. *Martin v. Puget Sound Electric R.,* 136 Wash. 663, 241 Pac. 360. As we stated in that opinion, it is only when the light blocks the highway, or is so placed as to indicate that the passage is so narrowed as not to afford a safe passage within the speed limit, that a driver is chargeable with negligence if he does not approach with his vehicle under control. The holding of *Martin v. Puget Sound Electric R., supra,* is given as the general rule in 2A Blashfield, Cyclopedia of Automobile Law & Practice, § 1224.

The respondents, while offering no authority in support of the rule expressed in the court's instruction, argue that the evidence conclusively shows that the decedent was

warned of the presence of the obstruction, if not by the red lights, then by the flashlight which one of their agents was swinging, in front of him, as he ran down the road toward the approaching vehicle. But this flashlight had a green plastic shield, through which the light shown green, and it could have been understood by the decedent as a signal to proceed, or otherwise misconstrued.

In the case of *Gaches v. Daw*, 168 Wash. 162, 10 P. (2d) 1111, it was contended that the plaintiff was guilty of contributory negligence as a matter of law because she drove into a vehicle which she knew to be stopped in front of her. Her excuse was that one of the defendants, waving his hat, jumped into her path; that she at first thought it was a holdup and became very frightened; that she swerved to avoid hitting the man and immediately collided with the parked vehicle. We held that her contributory negligence was a question for the jury.

That case is somewhat different from this, of course, in that the plaintiff saw the obstruction before she saw the defendant who was attempting to warn her to stop. But it does point up the fact that an attempt to warn of an impending danger may be misconstrued under circumstances such as these. Here, the decedent may well have thought that he was being told to proceed, or he may have thought that the person with the flashlight was a hitchiker or bandit. If under the circumstances, a reasonably prudent driver might receive such an impression, the light did not constitute a sufficient warning of the presence of the obstruction.

We think the rule set forth in *Bailey v. Carver, supra,* is the proper one. If there are not red lights so placed as to warn of the presence and position of the obstruction, and its presence is not otherwise revealed, other users of the highway at night are entitled to assume that it is unobstructed.

The jury in this case may have concluded that the respondents' agents did all that they could to warn of the danger in the short time which elapsed between the stalling of the truck and the collision, and were therefore not guilty of negligence. On the other hand, it may have found that

the operators of the truck were guilty of negligence in failing to put out fusees and flares, but that the decedent was guilty of contributory negligence because the lights displayed were sufficient to warn him that the road *might* be obstructed even though they were not sufficient to indicate to him that it was, in fact, obstructed. In the latter case, their verdict was incorrect.

■ Upon the evidence in this case, the giving of the court's instruction No. 11, and the failure to give an instruction embodying the rule stated in the plaintiff's requested instruction No. 9, were errors for which a new trial must be granted. The appellant will recover his costs on this appeal.

It is so ordered.

DONWORTH, FINLEY, FOSTER, and HUNTER, JJ., concur.

OTT, J. (dissenting)—The majority hold that giving instruction No. 11 was error. The instruction reads as follows:

" 'You are instructed, as a matter of law, that one driving outside cities and towns can assume that the traveled portion of the road ahead of him is unobstructed and safe for travel, unless he receives such warning as would cause an ordinarily careful and prudent person to be placed on notice that such road may be obstructed.' "

In my opinion, this is a proper statement of the law. The instruction states that a motorist may assume that a roadway is unobstructed unless he receives *such warning* as would put an ordinarily careful and prudent person on notice that it may be obstructed.

*Anything* which an ordinarily careful and prudent person would understand to be a warning that the roadway might be obstructed is sufficient. It is for the jury to determine whether the circumstances presented constituted a warning to such a person. The jury was entitled to find that, under the circumstances here presented, a waving flashlight, emitting a partially green light, would be understood by an ordinarily careful and prudent person to be a warning that the roadway ahead might be obstructed.

The jury could likewise have found that the truck and trailer came within the range of the automobile's headlights

when its driver was far enough away to have brought his automobile to a safe stop, and, further, that the several red marker lights on the truck were visible to the driver. Any of these circumstances could constitute a warning to an ordinarily careful and prudent person that the roadway was obstructed.

For the reasons stated, the judgment should be affirmed.

WEAVER, C. J., MALLERY, and HILL, JJ., concur with OTT, J.

November 3, 1960. Petition for rehearing denied.