[No. 36948. Department One. April 30, 1964.]

SOCONY MOBIL CORPORATION, *Respondent,* v. JOHN THOMAS FORBES *et al., Appellants.*\*

\*Reported in 391 P. (2d) 971.

*Regal & McDonell,* for appellants.

*Horton & Wilkins,* by *Hugh B. Horton,* for respondent.

HALE, J.—This case begins with a rear-end collision between a tank truck and a hay baler on the night of September 18, 1961.

John Forbes, defendant driver, had just finished a day's work baling hay for his neighbor and drove his high-wheeled International tractor, pulling an International hay baler, out onto the highway to return home. About one-half mile from the field, as the tractor and baler moved westerly down the highway in the darkness at 10 to 15 miles per hour, plaintiff's tank truck, moving in the same direction at a speed of 48 miles per hour, overtook and struck the baler on the left rear.

Highway 3-D, for a relevant distance in both directions, was level, smooth, straight and dry. The night was dark with probably no moon and only the sky glow from the lights of Pasco showing against the horizon in the distance. Maximum lawful speed for the truck at the place where the accident occurred was 50 miles per hour.

Questions of negligence and contributory negligence depended to a large degree upon the physical characteristics and safety equipment of the tractor-baler. The tractor had head lamps but no red rear lamps. The baler it pulled had neither lights nor reflectors of any kind. The baler is an oversize vehicle, being 10 feet wide, and, when pulled by the tractor, is off-center, projecting more to the right of the tractor than to its left. Thus, as the rig moved down the highway, the tractor would be nearer the center line

but together they would occupy more than 10 feet of space in width.

Other than head lamps on the tractor projecting a beam forward, there was only one other light, which stood 1½ feet above and on the left-rear fender of the tractor, and cast a diffuse glow of white light enabling the driver to see the bales come off when the mechanism worked at night. Defendant John Forbes says that his tractor headlights and this work lamp were on as he moved down the highway. The tank truck driver says he saw no lights on the baler whatever.

Reuben Peterson, an experienced driver, drove the tank truck along the highway toward Pasco at 48 miles per hour. Suddenly the farm equipment loomed up before him in the darkness; he slammed on the brakes and swerved the truck to the left, but struck the left rear of the baler, laying down 42 feet of skidmarks before impact. He says he saw no lights on either tractor or baler before impact and no reflecting material or substance of any kind that might beam the light rays toward him. His own head lamps cast a beam on the roadway ahead for over 250 feet, but he said they illumined the highway for several hundred feet farther. They would hit the roadway, he said, on high beam about 250 feet, but, actually, he could see an object about 400 or 500 feet ahead if there were an object there to reflect the light.

Defendants' assignments of error raise two points, one the obverse of the other: (1) Even though defendant driver may have negligently failed to have warning lamps on his rig, this oversight did not constitute negligence when considered in relation to plaintiff's contributory negligence as a matter of law; and (2) plaintiff's driver was contributorially negligent (a) in failing to keep a reasonable lookout ahead, (b) in overdriving his lights, and (c) in failing to have head lamps of minimal statutory requirements.

The trial judge found defendant John Forbes negligent in driving an oversize vehicle on a public highway at night without red lamps or reflectors thereon of any kind.

RCW 46.44.010 says that the total outside width of any vehicle or load thereon shall not exceed 8 feet. RCW 46.37.160 and RCW 46.37.170 (Laws of 1961, chapter 12, pp. 322, 323), require farm tractors and towed farm equipment to be equipped with two lamps displaying a red light visible at least 500 feet to the rear, or one red light visible for 500 feet to the rear and two red reflectors mounted so as to indicate the extreme left and right rear projections of the towed equipment. From abundant evidence, including the testimony of defendant driver, the trial judge found the defendants to be in violation of these statutory provisions, thus finding negligence per se on defendant driver's part. Whether this negligence was the proximate cause of the collision likewise fell within the province of the trier of the facts to determine from all of the evidence. Assuredly, there are cases where reasonable minds cannot differ on the proposition that no causation exists between negligence and the injury, thus showing want of proximate cause as a matter of law, but this is not such a case.

Defendants say that the proof establishes contributory negligence both as a fact and as a matter of law, by citing the statute which requires a minimum headlight beam of 350 feet. RCW 46.37.220 says:

"Except as hereinafter provided, the head lamps . . . on motor vehicles . . . may be so arranged . . . subject to the following limitations:

"(1) There shall be an uppermost distribution of light, or composite beam, so aimed and of such intensity as to reveal persons and vehicles at a distance of three hundred fifty feet ahead for all conditions of loading. . . ."

Defendants, then, referring to the truck driver's estimate that his lights illumined objects only 250 feet ahead, reason that this shows a failure to comply with the statute and is, therefore, negligence per se. They further say that, if plaintiff's driver was driving properly within the range of 350 feet illumination, as fixed by the statute, ordinary prudence on his part in operating his truck would have enabled him to avoid striking the baler, and argue that the additional

100 feet of illumination fixed by statute beyond the 250 feet described by the truck driver demonstrates this.

■■ We acknowledge that headlights on a motor vehicle have a dual purpose, to illumine the road ahead and reveal objects thereon to the driver of the vehicle within the minimum distances fixed by statute and to warn others of the presence of such vehicles. Failure to comply with the standards fixed by the statute constitutes negligence per se. *Pollard v. Wittman,* 28 Wn. (2d) 367, 183 P. (2d) 175. Too, a motorist must always operate his vehicle with due regard for the safety of other users of the highway (*Payne v. Vinecore,* 40 Wn. (2d) 746, 246 P. (2d) 448; *Graham v. Roderick,* 32 Wn. (2d) 427, 202 P. (2d) 253, 6 A.L.R. (2d) 1237), and he is charged with seeing that which is there to be seen had he been exercising ordinary care and prudence in observing the highway. *Owens v. Kuro,* 56 Wn. (2d) 564, 572, 354 P. (2d) 696; *Chess v. Reynolds,* 189 Wash. 547, 66 P. (2d) 297; *Chapin v. Stickel,* 173 Wash. 174, 22 P. (2d) 290.

Our problem here does not arise from the application of principles of law, but rather from an understanding of the facts. The court did not find that the tank truck's lights were faulty, or failed to meet the standards fixed by the statute, or that the tank truck proceeded at an excessive rate of speed under the circumstances, or that the driver failed to keep a proper lookout, or make timely application of the brakes. In short, the operation of the truck at that time and place seemed to the trial court to be in the course of ordinary care and prudence, and, accordingly, the court found that the sole cause of the accident was the failure of the defendant driver to have warning lamps and devices mounted upon the baler.

■■ One driving upon the highway at night is entitled to assume that the highway is unobstructed unless he is warned of an obstruction. *Albert v. Krause,* 56 Wn. (2d) 774, 355 P. (2d) 327; *Bailey v. Carver,* 51 Wn. (2d) 416, 319 P. (2d) 821. Where the statutes or decisions of the courts require lights as a warning of danger on any object in the highway and such lights are not present, it is a ques-

tion of fact for the trier of the facts to decide whether the driver should have seen the obstruction. *Morehouse v. Everett*, 141 Wash. 399, 252 Pac. 157, 58 A.L.R. 1482; *Albert v. Krause, supra.*

■■ A slow-moving, oversize vehicle or contrivance, such as a hay baler, going along a 50-mile-per-hour highway at night in open country, far from the congestion of a city or town, is an obstruction; the trial court, under our decisions, had substantial evidence from which to find defendants' negligence to be the proximate cause of the collision. Where there is substantial evidence to support a finding of fact, it will not be disturbed on appeal. *Torrez v. Peck*, 57 Wn. (2d) 302, 356 P. (2d) 703; *Conger v. Cordes Towing Ser., Inc.*, 58 Wn. (2d) 876, 365 P. (2d) 20; *Malstrom v. Kalland*, 62 Wn. (2d) 732, 384 P. (2d) 613; *Harmon v. Merrick*, 62 Wn. (2d) 171, 381 P. (2d) 614.

Affirmed.

OTT, C. J., HILL, ROSELLINI, and HUNTER, JJ., concur.