[No. 887-3. Division Three. December 24, 1974.]

KAREN LOUISE FRAZER et al., Appellants, v. STEVEN L. DOWNEY et al., Respondents.

Eugene G. Schuster (of Critchlow, Williams, Ryals & Schuster), for appellants.

*Hugh B. Horton* (of *Horton, Wilkins & Faurholt*) and *Dennis Sweeney* (of *Leavy, Taber, Schultz & Bergdahl*), for respondents.

McINTURFF, J.—Plaintiff appeals a jury verdict denying damages for personal injuries sustained in an automobile accident. Defendant cross-appeals the denial of damages caused his vehicle in the same accident.

In darkness on the morning of November 26, 1971, plaintiff's vehicle overturned astride the north and southbound lanes of traffic on State Highway 17. The driver of plaintiff's vehicle, Terry Rocheleau, extricated himself but was unable to remove the plaintiff. A passing southbound truck stopped parallel to the highway just off the fog line and about 45 feet south of the vehicle. The truck's amber flashers, running lights and low-beam headlights were operating.

When the defendant's vehicle, traveling north at 55 to 60 m.p.h., crested a hill about 300 yards from the scene of the accident, the driver saw the truck's headlights and dimmed his lights. At that time the driver realized the truck was parked alongside the road. When he was 150 yards from the truck he saw its amber four-way blinkers flashing but did not see plaintiff's vehicle until he was about 50 yards from it.[1] He applied his brakes and unsuccessfully attempted to go between the overturned vehicle and the truck. Defendant's vehicle struck both the plaintiff's vehicle and the truck. The plaintiff, still in the overturned vehicle, was thrown from her car and suffered additional injuries.

Plaintiff assigns error to instruction No. 2 which provides in pertinent part: "Plaintiffs Frazer further claim that the driver of a southbound vehicle stopped on the shoulder of the southbound lane and warned oncoming traffic." The complained-of portion was taken from plaintiff's complaint and follows the WPI 20.05 summary of claims. A jury may be instructed in the language from a

---

[1] At 60 m.p.h. a vehicle travels 88 feet per second.

complaint, *State v. Hobart*, 5 Wn. App. 469, 475, 487 P.2d 635 (1971), as to the issues raised by the pleadings. *Murray v. Mossman*, 52 Wn.2d 885, 889, 329 P.2d 1089 (1958); *Hayden v. Insurance Co. of North America*, 5 Wn. App. 710, 714, 490 P.2d 454 (1971). We find no error.

■ Plaintiff assigns error to instruction No. 13 which states:

> You are instructed that as a matter of law, during hours of darkness, a driver is not required to drive at such a rate of speed that he can stop within the range of visibility of his headlights.

Plaintiff's assignment is without merit since, at the time she excepted to the instruction, she failed to specifically apprise the judge of the basis for her claim of error. Therefore we need not consider it. *Barnes v. Labor Hall Ass'n*, 51 Wn.2d 421, 319 P.2d 554 (1957).

Plaintiff assigns error to the giving of instruction No. 13A which states:

> You are instructed that a person driving on a highway during hours of darkness, in the absence of a red light to warn him, has the right to assume that the highway ahead is safe for travel and unobstructed.

Plaintiff, relying on *Bailey v. Carver*, 51 Wn.2d 416, 418, 319 P.2d 821 (1957), contends that a warning can be given by lights other than red ones. Thus the court should have added the language "or other light."

■ In construing *Bailey*, the court in *Albert v. Krause*, 56 Wn.2d 774, 777, 355 P.2d 327 (1960), stated:

> In a later decision, *Bailey v. Carver, supra*, we held that lights other than red lights may be sufficient in some circumstances to warn of the presence of an obstacle. In that case it was held to be a jury question whether the defendant's headlights, shining upon or across the highway, were shining in such a manner and direction as to provide a warning to the plaintiff that the road *was* obstructed.
>
> In this case there were red lights on the truck, but the evidence was that they were off the highway. These were sufficient to warn the decedent of the possibility of an

obstruction, but not sufficient to warn of its presence. While a red light is a signal of danger, it is also a signal that usually points out the place of danger; and it is not the rule that the driver of an automobile must stop his car or check his speed every time he sees a red light on the highway, at the risk of being chargeable with negligence.

Thus, *Bailey* is distinguishable from the present case. *See Martin v. Puget Sound Elec. Ry.*, 136 Wash. 663, 669, 241 P. 360 (1925). Here, the truck's headlights and amber flashers did not reveal or warn of the presence of the plaintiff's vehicle on the road; rather, they revealed only the presence of the truck parked alongside the highway. The lack of perceivable warning is further illustrated by the uncontroverted fact that defendant did not see plaintiff's vehicle until he was approximately 50 yards away. Additionally, defendant's vision was obscured by the headlights of the facing truck.[2] We find no error. *Albert v. Krause, supra*; 3 Blashfield, *Automobile Law and Practice* § 116.66, at 465 (3d ed. 1965).

██ The defendant and cross-appellant contends the court erred in failing to instruct the jury to disregard the testimony of the investigating trooper as to his "feelings." We agree. We set forth the following testimony to illustrate what may follow the asking of an improper question:

---

[2]The following observation from *Frowd v. Marchbank*, 154 Wash. 634, 640, 283 P. 467 (1929), is apropos to the present case:

But every one who has driven an automobile in the night-time and every observant person who has ridden in an automobile in the night-time and has met an oncoming automobile with burning lights, knows that the lights obscure objects behind it for a considerable distance before the automobile is reached until a time after its lights are passed, and to say that it is negligence to drive past an automobile in such a situation is practically to say that it is negligence to drive along a highway in the night-time at all. It must be remembered that both automobiles are in the same situation, and if one must stop so must the other, and if the rule stated by the court is to be applied, it would require some rather intricate maneuvering for the one to get by the other without violating the law. But neither the statute nor the general rules of law contemplate that cars must be stopped in such a situation. When two automobiles meet each other on a highway in the night-time, they may, under all ordinary conditions, proceed

[Mr. Horton (defense counsel) to Trooper L. L. Hanford]:

Q  You didn't make any charge against Steve Downey?

A  No. . . .  [On redirect, counsel for plaintiff, Mr. Schuster, stated:] Q Now, I think the jury now deserves an explanation as to why you didn't charge Steve Downey.

Mr. Horton: Your Honor, I don't think that this is proper. We could only bring the charge in if we could support it by later conviction, which we can.

The Court: He may inquire.

Mr. Schuster:

Q  Is there any particular reason why you didn't charge Mr. Steve Downey?

A  Yes, there is.

Q  And give that reason to us.

A  The reason is that he is a young driver and I *felt* that he made a mistake out there by traveling too fast for the conditions and I knew that it would probably end up in a lawsuit and we'd be here in the courtroom like we are here today.

Mr. Horton: Your Honor, I object to that and ask it be stricken.

The Court: He may inquire.

. . .

Mr. Schuster:

Q  Based upon your investigation did you feel that the law had been violated?

Mr. Horton: Now, your Honor, I think his personal feelings—

The Court: Counsel approach the bench.

(At the Bench):

The Court: I get very uncomfortable we got into an area where everything is improper. Now, Mr. Horton started this by asking about whether or not he had issued citations instead of asking who had been convicted of . . . I will permit you to proceed but *I suggest you are doing so at your own peril* because most of this is reversible error if objected to by opposing counsel.

(In open Court):

. . .

Mr. Horton: Again, your Honor, I think that we can only go into the matters that are proper. We could not

to pass at any rate of speed within the statutory limit without being subject to a charge of negligence.

have asked about violations except for convictions. I think that we are going beyond that in an improper field.

THE COURT: I am going to sustain the objection. You may inquire as to *what he observed.*

MR. SCHUSTER:

. . .

Q Did you, based upon your investigation, feel that the Downey vehicle at the time of the collision was driving in a reasonable manner under the circumstances?

A No.

MR. HORTON: Again, your Honor, I renew my objection.

THE WITNESS [without waiting for a ruling from the Court]:

He is required by law to see the actual and potential dangers ahead.

MR. SCHUSTER: All right, sir. That is all I have.

. . .

[Again] BY MR. SCHUSTER:

Q Do you, Trooper Hanford, based on your investigation, feel that the—strike that. I am not going to go into this any more.

THE COURT: Unless there is some area of expertise that supports them giving their conclusions, then they should not be asked the series of questions that have been asked recently. They can testify as to the distance from which, from the scene in which the thing could be observed, they can testify to the nature of the weather conditions, the extent of visibility and conditions of the highway, and all that sort of thing, and by observing debris, and that sort of thing they can establish points of impact, but you are in an area that readily isn't within the expertise of the State Patrolman unless you can establish it in some other fashion than you are just asking. *Now, if you were the jury what would you do? And I think you are—all this is brought about by Mr. Horton's improper question on who did you give the ticket to.* . . . I feel very uncomfortable with what's happening here because I think it's error to be asking these questions, and I don't know that another error is justified by his [Mr. Horton's] error in asking whether he ticketed these—that's my problem.

MR. SCHUSTER: Well, I agree, we all are a little uncomfortable, your Honor, but I think it is opened up.

THE COURT: I think you had a right to ask him why he didn't ticket him.

MR. SCHUSTER: Yes.

THE COURT: That was an improper question but you were asking.

MR. SCHUSTER: The cross-examination; he opened it up further, in my judgment, and I think the record will bear that out. I am going to have to live with this record if I get a verdict, and that's why I cut it off at the redirect examination, or whatever it was.

THE COURT: *I am toying with the idea of striking all that testimony, but I don't really think I can undo it in that fashion in any event. Then we have to pick out the pieces that are improper on both sides. So I guess I will just let it stand. Have the jury come back.*

*It is interesting, one improper question creates a hundred different problems that no one can or is able to agree, and of course the question was not improper as you did not object to it, so it's certainly—it isn't the Court's function to object.*

(Italics ours.) Plaintiff did not object to defense counsel's initial question about a citation and the answer was properly admitted.[3] On redirect, the plaintiff may seek an explanation of the new matter, the extent being subject to the court's discretion.[4] However, the rules of evidence should not be disregarded in newly opened improper areas of investigation.[5] The trial court was aware of this and informed both counsel they were running afoul of the *Billington v. Schaal*, 42 Wn.2d 878, 882, 259 P.2d 634 (1953), prohibition, *i.e.*, it is not proper to permit a trooper to give his opinion on a driver's negligence. Yet plaintiff's counsel repeatedly, over objection of defense counsel, placed before the jury Trooper Hanford's opinion. Hence, it was the duty

---

[3]C. McCormick, *Law of Evidence* § 54, at 125 (2d ed. E. Cleary 1972).

[4]*State v. Mack*, 80 Wn.2d 19, 490 P.2d 1303 (1971); *State v. Baker*, 4 Wn. App. 121, 480 P.2d 778 (1971); C. McCormick, *Law of Evidence* § 57, at 132 (2d ed. Ed. Cleary 1972). *Cf. Warren v. Hart*, 71 Wn.2d 512, 429 P.2d 873 (1967).

[5]*See Nadreau v. Meyerotto*, 35 Wn.2d 740, 215 P.2d 681 (1950); *Longmire v. Diagraph-Bradley Stencil Mach. Corp.*,176 S.W.2d 635 (Mo. Ct. App. 1944).

of the court to instruct the jury to disregard the "feeling" testimony of the witness, and the court's failure to do so is error.

In light of the foregoing, plaintiff's assignment of error to the giving of an emergency instruction is without merit.

Judgment of the trial court is affirmed as to plaintiff Frazer, reversed as to defendant Downey, and the cause is remanded for proceedings in accordance with this opinion. Defendants shall recover costs of this appeal.

GREEN, C.J., and MUNSON, J., concur.

Petition for rehearing denied January 23, 1975.

Review denied by Supreme Court March 25, 1975.