[No. 1603–3.   Division Three.   February 24, 1977.]

RONALD W. BRADLEY, *Respondent,* v. RANDY K. MAURER, ET AL, *Appellants.*

*John G. Schultz* and *Leavy, Taber, Schultz, Bergdahl & Sweeney,* for appellants.

*Edward B. Critchlow* and *Richard M. Knoeber,* for respondent.

MUNSON, C.J.—The defendants appeal a judgment entered upon a jury verdict and from the trial court's denial of the motion for judgment n.o.v., or in the alternative, for a new trial. On May 11, 1973, plaintiff Bradley was involved in two automobile accidents and subsequently brought this action against the defendants Maurer to recover for damages incurred as a result of the second accident. The jury found Bradley 40 percent responsible for his own damage and the Maurers 60 percent responsible for plaintiff's damage; thus, Bradley's damages of $100,000 resulted in a judgment against the Maurers for $60,000.

Even though the defendants have made an attempt to group their 28 assignments of error and 30 issues into categories, the wide range of subject matters raised requires that most of the assignments be discussed separately. Consequently, this opinion is considerably longer than would ordinarily be necessary. We affirm.

The day before the accidents Bradley had purchased a new pickup and, earlier in the evening on May 11, 1973, had been showing it to his friends and relatives. He had consumed several beers (possibly three to four) within the 2 1/2– to 3–hour period. Immediately prior to the first accident, Bradley was driving in a westerly direction on Court Street, a 4–lane street. He was approaching a vehicle driven by James Hillegas, also traveling in a westerly direction on Court Street. Bradley changed from the left–hand lane to the right–hand lane; later, believing the Hillegas vehicle was turning or swerving right, he returned to the left–hand lane. Bradley collided with the rear end of the Hillegas vehicle as it was attempting to turn left off Court Street onto Road 68. There is disputed testimony as to whether the left–rear turn signal was working on the

Hillegas vehicle. After this collision, the Hillegas vehicle came to rest on Road 68, completely off Court Street, pointing in an easterly direction and hidden from view to the west by bushes. Bradley's pickup came to stop several yards further west from the point of impact, partially across the center line, with a portion of the pickup in the inside lane of the eastbound traffic on Court Street. Bradley was not injured as a result of this accident. Within a few minutes, Randy Maurer drove his vehicle through the accident scene, hitting Bradley's pickup door which was opened into Maurer's lane of traffic, and causing Bradley's pickup to hit Bradley standing in the middle of the road.

Defendants first assign error to the court's refusal to admit evidence and failure to give jury instructions that Bradley's alleged negligent actions in causing the first accident *were* the proximate cause of the second accident. The proximate cause of an injury is a question of fact for the jury. *Thornton v. Eneroth,* 177 Wash. 1, 30 P.2d 951 (1934); *Bell v. McMurray,* 5 Wn. App. 207, 486 P.2d 1105 (1971). The trial court refused to admit the testimony of defendants' expert witness regarding estimates of speed and skid marks that allegedly would have supported their contention that Bradley's negligence in the first accident was a proximate cause of the circumstances of the first accident. Furthermore, in their closing argument, defendants argued, in part on this testimony, that Bradley's negligence in causing the first accident was the proximate cause of the second accident. As evidenced by the verdict finding Bradley 40 percent negligent, the jury properly considered his negligence in causing the first accident and his subsequent conduct as a proximate cause of his injuries. Therefore, the trial court did not err in excluding defendants' expert testimony.

In the alternative, defendants contend that the trial court erred in failing to instruct the jury that Bradley was negligent as a matter of law. This assignment of error is not well taken. The proximate cause of this accident, under the circumstances, was a question of fact for the jury, *Maltman*

*v. Sauer,* 84 Wn.2d 975, 530 P.2d 254 (1975); the trial court properly refused to give defendants' proposed instruction.

Defendants assign error to the trial court's instruction No. 24,[1] which instructed the jury on utilizing the verdict forms, and to the trial court's failure to give defendants' special verdict form (Washington State Supreme Court Committee on Jury Instructions, Special Verdict Forms—Comparative Negligence, WPI 45.10.01 (April 1974)), and corresponding instructions. The Washington Pattern Jury Instructions are an immense aid to the bench and bar in selecting appropriate jury instructions. Although not absolutely required, they are to be used in preference to individually drafted instructions. 6 Wash. Prac. IX (1967). Here, the court's instruction No. 24 allowed defendants to argue their theory of the case to the jury. *Mendenhall v. Siegel,* 1 Wn. App. 263, 462 P.2d 245, 40 A.L.R.3d 788 (1969). There is no contention that the

---

[1] "If you find that plaintiff was damaged and such damages were proximately caused by the defendant's negligence, without any concurring negligence on the part of the plaintiff, then you should assess plaintiff's damages at the full amount which you find is necessary to compensate him for his injuries, fill in that amount on verdict form A and return it as your verdict.

"If you find that defendant was damaged and such damages were proximately caused by the plaintiff's negligence, without any concurring negligence on the part of the defendant, then you should assess defendant's damages at the full amount which you find is necessary to compensate him for his injuries, fill in that amount on verdict form B and return it as your verdict.

"If you find that plaintiff's negligence and defendant's negligence concurred, with or without other causes, to proximately cause damages to both parties, then you should separately determine the full amount of damages incurred by each party. Then you will determine what percentage of their respective damages were caused or contributed to by their own negligence.

"In determining the percentage of each parties damages attributable to his own negligence, you should compare each parties conduct with the conduct of the other party using 100 percent as the combined negligence of both parties.

"You should then multiply each persons total damages by the percentage of negligence attributable to such person and subtract the result from such persons total damages to arrive at the actual award for each party. Fill in the resulting sums, in the case of plaintiff on verdict form A, and in the case of defendant on verdict form B, returning both verdict forms as your verdict.

"If you find that the plaintiff and defendant both failed to sustain their burden of proof on their respective claims, then neither party is liable to the other and you should complete verdict form C and return it as your verdict."

jury was confused by this instruction, although defendants contend it is sequentially incorrect. We find no prejudicial error.

Defendants make several assignments of error addressing the court's failure to utilize the term "contributory negligence" in its jury instructions.[2] Effective April 1974, the doctrine of comparative negligence replaced the doctrine of contributory negligence in Washington. RCW 4.22. The doctrine of comparative negligence provides for the apportionment of damages according to the relative fault of each of the parties. C. R. Heft & C. J. Heft, *Comparative Negligence Manual* § 1.10, at 1 (1976); 57 Am. Jur. 2d *Negligence* § 426 (1971); Comment, *Comparative Negligence,* 49 Wash. L. Rev. 705 (1974). Instruction No. 5 in part provides:

> Either a defendant or a plaintiff may be negligent.
>
> The fact that the party claiming damages may have been negligent and that such negligence may have proximately contributed to his own injury will not prevent him from recovering damages from the other party, unless such injury was caused without negligence on the part of the other party. When his own negligence concurs with that of the other party, with or without other causes, to produce the damages complained of, it operates to diminish the amount of his recovery in proportion to the extent to which his own negligence contributed to his injury, which will be explained in other instructions given to you.

The jury was advised with sufficient clarity of the theory the defendants wanted to convey with their "contributory negligence" instructions.[3] We find no error. *Cf. Duchsherer v. Northern Pac. Ry.,* 4 Wn. App. 291, 481 P.2d 929 (1971).

---

[2] Defendants contend the trial court erred in giving instructions Nos. 4 and 5 which did not contain the term nor definition of contributory negligence and in failing to give defendants' proposed instructions Nos. 10 and 52 which dealt with contributory negligence.

[3] Defendants cross–complained for their property damage which the jury found to be $1,000; since the defendants were 60 percent negligent, they received a judgment for $400 on this issue.

■ Defendants assign error to the trial court's admission of Bradley's entire hospital record, contending that those portions of the medical record which contained the nurses' progress reports, the doctors' progress reports, the various tests and the anesthesia records were inadmissible. These portions were merely records of Bradley's condition at the time such records were made and are admissible under the Uniform Business Records as Evidence Act.[4] RCW 5.45.020; *Young v. Liddington,* 50 Wn.2d 78, 309 P.2d 761 (1957). Defendants additionally objected to the admission of reports from other doctors on the basis that such reports were hearsay opinions of experts not present at trial, and therefore not subject to cross–examination. These doctors' opinions were not disputed, nor based upon speculation, nor were they opinions as to causation, but were factual information relating to acts, conditions, or events. Therefore, they were admissible within the business records exception. *Benjamin v. Havens, Inc.,* 60 Wn.2d 196, 373 P.2d 109 (1962); *Young v. Liddington, supra.* Furthermore, defendants failed to object with specificity to those portions which they considered objectionable. *Allen v. Fish,* 64 Wn.2d 665, 393 P.2d 621 (1964). Finally, since the defendants did not challenge the seriousness of plaintiff's injuries, and the record is void of any indication that the jury read, much less relied upon, such medical records, we find the trial court did not err in allowing their admission.[5]

Defendants assign error to the inclusion of the terms "high rate of speed" in the court's instruction No. 2, which informed the jury of the parties' allegations in this case. When instruction No. 2 is read in conjunction with instruction No. 3, which specifically states that instruction No. 2 merely presents the claims of the respective parties, the jury would fully understand that it was merely Bradley's

---

[4]This act allows the admission of business records to prove the truth and accuracy of matters contemporaneously recorded without requiring the party requesting the admission of such records to call the numerous persons involved in keeping the records.

[5]Why the entire record was necessary to plaintiff's case is a puzzle.

contention that Randy Maurer drove into the accident scene at a high rate of speed. This contention has been rejected often enough to convince appellants it is frivolous. *Waldron v. Hammond,* 71 Wn.2d 361, 428 P.2d 589 (1967); *Murray v. Mossman,* 52 Wn.2d 885, 329 P.2d 1089 (1958).

■ Defendants assign error to the court's instruction No. 15 and the court's failure to give defendants' supplemental proposed instruction No. 1. Both instructions are drawn from RCW 46.61.240, which requires pedestrians crossing a roadway not at a crosswalk to yield the right–of–way to any vehicles. Defendants' proposed instruction added a paragraph that Bradley was subject to this statute. Bradley was not a pedestrian, and therefore was not subject to this statute. *Gooschin v. Ladd,* 177 Wash. 625, 33 P.2d 653 (1934). Rather, Bradley was a person standing upon a highway and was under a duty to "exercise reasonable care for his own safety." *See v. Willett,* 58 Wn.2d 39, 44, 360 P.2d 592 (1961). Therefore, since the statute was not applicable to Bradley, the trial court did not err by refusing to give defendants' proposed instruction. Defendants also assign error to the court's failure to give their proposed instruction No. 45 which stated that Bradley was negligent as a matter of law because he was a pedestrian and failed to yield the right–of–way to defendants. The court did not err in refusing to give that instruction for the reasons given above.

■ Defendants assign error to the trial court's instruction No. 22 which allowed the jury to consider impairment of earning ability, contending there was no evidence supporting such an instruction. There is substantial evidence throughout the record that Bradley sustained permanent injuries resulting in impairment of his future earning capacity as an ironworker. Therefore, such instruction was entirely proper. The fact that Bradley was temporarily employed at a high salary was for the jury's consideration. *Steeves v. United States,* 294 F. Supp. 446 (D.S.C. 1968).

■■ Defendants assign error to the trial court's failure to give proposed instruction No. 49, relating to plaintiff's

life expectancy. The court's instruction No. 20 advised the jury of the life expectancy of anyone Bradley's age and listed other factors to be considered. Defendants failed to take exception to the court's instruction No. 20; it became the law of the case. *O'Brien v. Artz*, 74 Wn.2d 558, 445 P.2d 632 (1968). The court's instruction No. 20 allowed defendants to argue the theory of their case. Furthermore, defendants' exception that their instruction was a correct statement of the law lacked specificity and failed to cite supportive law. Defendants' exceptions were too general to sustain an assignment of error; the court did not err. *Nelson v. Mueller*, 85 Wn.2d 234, 533 P.2d 383 (1975).

Defendants assign error to the court's failure to give defendants' proposed instruction No. 14, stating the rule that witness testimony must yield to undisputed physical facts and conditions. Defendants contend the skid marks in the roadway were undisputed physical facts establishing the position of Bradley's pickup at the moment of impact between the Maurer vehicle and Bradley's pickup. The court properly refused to give this instruction. The undisputed physical facts rule does not apply if it is necessary to make assumptions "of the existence of the facts relating to . . . position." *Madill v. Los Angeles Seattle Motor Express, Inc.*, 64 Wn.2d 548, 554, 392 P.2d 821 (1964). The jury would have to have assumed the skid marks were from the plaintiff's vehicle; the plaintiff's vehicle did not move beyond the skid marks and did not move as a result of the second collision.

Defendants assign error to the court's failure to give their proposed instruction No. 20, which stated that everyone using the highway must use reasonable care to prevent accidents, and their proposed instruction No. 21, which stated that one cannot place upon another the burden of protecting one's self. The trial court did not err. The court's instructions, taken as a whole, allowed the defendants to argue these theories to the jury. *Mendenhall v. Siegel, supra.*

Defendants assign error to the court's failure to give defendants' proposed instruction No. 26, which stated that the driver of a vehicle parked on a highway must use reasonable care not to endanger others using the highway. The court properly refused to give this instruction. First, this instruction was inappropriate in that RCW 46.61.560(2) expressly excludes "disabled" vehicles from its operation. Plaintiff's vehicle was disabled. Bradley did not "park" his pickup on the highway. Second, defendants failed to assign error to the court's instruction No. 8 which informed the jury that one should not leave his vehicle in the roadway unless such vehicle was disabled and it was impossible to move it. This instruction became the law of the case, *O'Brien v. Artz, supra.* Third, defendants failed to give the court a sufficiently specific and definite reason to support the giving of their proposed instruction. *State v. Chambers,* 81 Wn.2d 929, 506 P.2d 311 (1973); *Holt v. Nelson,* 11 Wn. App. 230, 234, 523 P.2d 211 (1974).

In three assignments of error, defendants contend the court erred in failing to give either or all of their three proposed instructions as to the duty of the driver of the following car. The issue here is not liability for the first accident; on the issue of proximate cause, the court permitted evidence of plaintiff's conduct the afternoon and evening of the accident. The victim of the first accident was not a party to this action. Furthermore, plaintiff contends the movement of the Hillegas vehicle contributed to the first accident. This case should not be cluttered with the issue of liability for the first accident. We find no error.

Defendants make three separate assignments of error to the court's failure to give appellants' three proposed instructions that a red warning light is necessary to warn of danger on a roadway at night. (Proposed instructions Nos. 34, 35, and 36.) An instruction that a red warning light was necessary would have been improper. *Bailey v. Carver,* 51 Wn.2d 416, 319 P.2d 821 (1957), notes that a warning light need not of necessity be red. Defendants' reliance upon *Frazer v. Downey,* 12 Wn. App. 374, 529 P.2d

1105 (1974), is misplaced. In *Frazer,* the vehicle in the roadway did not have any lights; the truck on the opposite shoulder had its parking lights flashing and, from plaintiff's view, they were amber.

Defendants assign error to the trial court's failure to give proposed instruction No. 43 setting out the statutory precautions for opening the door of a vehicle on the side adjacent to moving traffic (RCW 46.61.620). The trial court properly refused this instruction. The purpose of this statute is to set out when it is proper to open the door adjacent to moving traffic of a parked vehicle for purposes of egress and ingress. These were not the circumstances in this case.

Defendants assign error to the trial court's failure to give proposed instruction No. 44, which quoted the statute that it was unlawful for anyone to drive or be in physical control of a vehicle while under the influence of an intoxicating liquor (RCW 46.61.506(1)). At the time of the accident at issue Bradley was not driving nor was he in physical control of any vehicle. Evidence of plaintiff's beer drinking was admitted and·could be considered by the jury in determining why the plaintiff was standing in the roadway, as opposed to moving to the side. As previously noted, this jury was not to determine liability for the first accident. The trial court properly refused this instruction.

Defendants assign error to the court's failure to give their proposed supplemental instruction No. 2, which stated that it was unlawful for one to drive a vehicle on the left–hand side of the road within 100 feet of an intersection or when traversing an intersection. Testimony of defendants' expert witness refuted the theory that the Bradley pickup crossing the center line was a deliberate, "evasive action." Therefore, defendants' reliance upon *Western Packing Co. v. Visser,* 11 Wn. App. 149, 521 P.2d 939 (1974), is misplaced. Furthermore, this statutory provision related to the first accident, not to the accident under consideration. This instruction was inappropriate and was properly refused by the court.

Defendants assign error to the trial court's failure to give defendants' proposed instruction No. 29, which stated that autos meeting at night can ordinarily pass at the lawful rate of speed, even though the view is obstructed. The court's instruction No. 11 was sufficiently general to allow defendants to argue their theory that the position of the plaintiff's headlights deceived the defendants as to the position of the plaintiff's vehicle. There was no error. *Mendenhall v. Siegel, supra.*

Judgment affirmed.

GREEN and McINTURFF, JJ., concur.

Petition for rehearing denied March 23, 1977.

Review granted by Supreme Court July 27, 1977.