[No. 35448. Department One. March 30, 1961.]

ALVIN SEE, *by his Guardian ad Litem U. See, Appellant,* v. ROBERT L. WILLETT *et al., Respondents.**

*Reported in 360 P. (2d) 592.

*Wettrick, Flood, O'Brien, Toulouse & Lirhus* and *Ralph C. Hove*, for appellant.

*Lycette, Diamond & Sylvester* and *Frank H. Roberts, Jr.*, for respondents.

ROSELLINI, J.—Alvin See, a minor, who is represented in this action by U. See, his guardian *ad litem*, and who will be referred to hereafter as the plaintiff, was injured in a collision which occurred when he was attempting to disengage the bumper of his disabled automobile from that of another automobile which was being used to push it in an endeavor to get it started. The latter vehicle, which was driven by a Mr. Kenneth Nooney, was struck from the rear by an automobile driven by the defendant Robert L. Willett.

The accident occurred at approximately 3:30 on the morning of August 16, 1958, on the old Bothell-Everett highway, at a point where visibility was unobstructed for at least a half mile to the south and to the north. There were shoulders on each side of the highway which were wide enough to accommodate automobiles of ordinary width; however, when the bumpers became locked, the automobiles were stopped on the traveled portion of the highway in the northbound lane. The three occupants of the plaintiff's vehicle and the two occupants of the Nooney car all got out, and one was sent with a flashlight to the rear of the Nooney car to watch for approaching traffic. Observing none and being advised that the others were having difficulty in dislodging the bumpers, he set the flashlight down by the roadside and went to lend assistance. Before he was able to do so, the collision occurred. The plaintiff, at this point, was standing at the left end of the bumpers, bending over and attempting to separate them. His arm was severely crushed as a result of the collision.

All of the occupants of the two automobiles who testified that they looked down the highway, declared that they

did not see the Willett car approaching. Willett testified that he did not see the Nooney car until he was about two hundred feet from it; that he did not become aware that it was stopped until he was one hundred seventy-five feet from it, and that he immediately applied his brakes but was unable to bring his automobile to a stop before he collided with the Nooney vehicle. He could give no reason for not having observed the car at a greater distance. There was no intervening obstruction; he did not claim to have been blinded by the lights of approaching traffic; and the night was clear, according to all of the testimony of those who were present at the time of the accident.

At the conclusion of all of the evidence, upon motion of the defendants, the trial court ruled that the plaintiff was guilty of contributory negligence as a matter of law and that the doctrine of "last clear chance" was inapplicable. Consequently, the court directed a verdict in favor of the defendants. From the judgment entered on that verdict, the plantiff appeals.

RCW 46.04.400 (Laws of 1937, chapter 189, § 1, p. 840) provides: " 'Pedestrian' means any person afoot."

The rules of the road provide, in RCW 46.60.250, that pedestrians crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right of way to vehicles upon the roadway.

The trial court, after studying the cases in which these laws have been interpreted, concluded that any person afoot is required to yield the right of way to vehicles, regardless of the circumstances, if he is not at a crosswalk, and that a failure to yield such right of way constitutes negligence *per se* and must necessarily be a proximate cause of any injury which he suffers if he is struck, or is caused to be struck, by a vehicle.

Our study of these cases does not lead us to the same conclusion. It is true that we have held that the statutory definition of "pedestrian" is broad enough to include persons· standing upon the highway, as well as those traversing it.

By dictum, in *Chadwick v. Ek*, 1 Wn. (2d) 117, 95 P. (2d) 398, we said:

" . . . It would seem that the spirit of the 1937 act contemplates one standing or moving about upon the highway as well as one crossing or proceeding along the course of it. . . ."

It was suggested, however, that the statute might not apply to one actually engaged in servicing a disabled automobile at the time of his injury. The plaintiffs in that case were operators of two cars which had collided and were standing behind one of the cars exchanging identifications. There was a heavy fog, and the defendant, approaching in the lane in which they were standing, did not see them or the parked car until it was too late to avoid hitting them. We held that they were guilty of contributory negligence as a matter of law, not simply because they had failed to yield the right of way, but because there was no necessity for their standing upon the highway, and because they were aware of the poor visibility, and nevertheless stood with their backs to the approaching traffic, whereas, if they had been keeping a lookout, they could have stepped aside and avoided the accident.

In *Nylund v. Johnston*, 19 Wn. (2d) 163, 141 P. (2d) 863, the plaintiff had parked his automobile opposite a tavern and, after visiting the tavern, crossed the street and attempted to open the door of his automobile on the driver's side. Although he observed the defendant's vehicle approaching, he turned to walk toward the front of his car, with his back to the approaching vehicle. He was struck a moment later. He was standing about two and one-half feet from his automobile when the accident occurred. This court, in a five-to-four decision, held that, in failing to yield the right of way, the plaintiff was guilty of negligence *per se*, which was a proximate cause of his injury. In reaching this conclusion, we said: " . . . there was absolutely no emergency, nor even necessity, requiring him to approach, or be at, the left-hand side of his car."

The dissenting judges felt that any negligence of which the plaintiff was guilty in crossing the street improperly

had ended when he attempted to enter his automobile, and that, at the time of the accident, he was in the same position he would have been in had he crossed the street at a proper point and then attempted to enter his automobile on the driver's side. The holding of the majority, they maintained, would make it improper for the driver of an automobile to get in or out through the door on the left side when the car is properly parked at the side of a road or street. We think, however, that the decision was founded upon the fact that the plaintiff was standing two and a half feet away from his automobile, knew that another vehicle was approaching, and could have avoided being injured by stepping closer to his automobile.

In *Discargar v. Seattle*, 25 Wn. (2d) 306, 171 P. (2d) 205, we held that the contributory negligence of one who was struck from the rear by a bus while he was in the act of entering his automobile from the left side while it was stopped outside the parking lane, was a question for the jury. We further held that it was error to instruct the jury that the plaintiff was guilty of contributory negligence, as a matter of law, if he was walking in the street in violation of a city ordinance, without giving a qualifying instruction that if it was necessary for the plaintiff to use the left door, because the right door was blocked, he was not guilty of negligence *per se* in using the left door.

At first glance, the case of *Bergstrom v. Ove*, 39 Wn. (2d), 78, 234 P. (2d) 548, would appear to support the proposition that a person on foot on a highway is always guilty of contributory negligence if he fails to yield the right of way to vehicular traffic. In that case, the plaintiff was standing behind a stalled car, which was partially blocking the road, aiding or about to aid the driver in moving it. Another motorist came over the hill, saw the situation and applied his brakes, but nevertheless skidded into the stalled vehicle. The plaintiff was caught between the two cars. This court approved an instruction to the effect that if the jury should find that he was standing on the highway and failed to step to his left and clear the highway, he was guilty of negligence *per se* under the statute.

In that case, it was evident that the plaintiff was not keeping a lookout, as it was daylight and he could easily have observed the defendant's vehicle in time to step aside and avoid being hurt. The instruction was proper under the circumstances. But the case does not hold that the presence of a pedestrian in the path of a vehicle can never be excused.

In *Myers v. West Coast Fast Freight, Inc.*, 42 Wn. (2d) 524, 256 P. (2d) 840, the rule was stated to be that a person who stands upon the highway must exercise reasonable care for his own safety; and whether the person has complied with this requirement must depend upon all the circumstances of the particular case. In that case, the plaintiff was assisting in putting chains on a stalled truck. He had placed chains on the ground so that his co-driver could move the truck and semi-trailer over them, and had stepped to the left of the trailer when he was struck by the defendant's truck. The defendant's truck did not strike the trailer, but was passing it in the adjoining lane when it struck the plaintiff. We held that under the circumstances, the plaintiff had violated the statute in failing to yield the right of way, and was guilty of negligence *per se.*

In *Ralston v. Vessey*, 43 Wn. (2d) 76, 260 P. (2d) 324, it was held that a person standing or walking upon the highway has a greater degree of care imposed upon him because of the right of way given to vehicles.

We think the proper rule to be derived from these cases is that stated in *Myers v. West Coast Fast Freight, supra,* to wit: A person who stands upon the highway must exercise reasonable care for his own safety; and whether the person has complied with this requirement must depend upon all of the circumstances of the case.

This case differs from all of those which we have cited, in that here, the plaintiff was not struck by the defendants' vehicle but by another vehicle which had been struck by that of the defendants. He was not standing in the path of the approaching vehicle, that is to say, the path which it would have taken had the driver seen the Nooney car in

time to avoid hitting it, in which event he would have passed the parked cars on the left.

■ It was for the jury to determine whether the plaintiff had exercised reasonable care for his own safety. He stated that when the bumpers became locked, he turned his wheels to the right, intending to move his car onto the shoulder of the road; that he asked the driver of the pushing vehicle to push him onto the shoulder, but that the driver was afraid the front of his car would be damaged. The bumpers had become locked once before, and had been dislodged within a few seconds. He said that he looked down the road before he leaned over to dislodge the bumpers, saw no approaching cars, and that the collision occurred a few seconds later.

If the jury believed his testimony, it could find that he exercised reasonable care under the circumstances. If the driver of the pushing vehicle refused to push the plaintiff's disabled automobile onto the shoulder, and if it was negligence on his part not to do so, that negligence was not imputable to the plaintiff, as he had no right to control Nooney's actions and there was no relationship of agency existing between them.

■ The trial court also refused to instruct on the doctrine of last clear chance. This refusal was proper. That doctrine is applicable only where the defendant saw, or should have seen, the perilous position in which the plaintiff by his negligence placed himself. Here there was no evidence that the defendant did see, or could have seen, the plaintiff; on the contrary, all the evidence points to the fact that, being in front of the Nooney vehicle, he was hidden from the view of the defendant.

The judgment is reversed and a new trial ordered.

FINLEY, C. J., HILL, WEAVER, and FOSTER, JJ., concur.