[No. 37991. Department Two. March 10, 1966.]

George E. James, *Respondent*, v. Irwin A. Edwards *et al.,*
*Appellants.**

*Guttormsen, Scholfield, Willits & Ager,* by *Robert Lee*
*Ager,* for appellants.

*Chavelle, Chavelle & Greenway,* for respondent.

Cochran, J.†—Respondent commenced this action to re-
cover for personal injuries he sustained when allegedly
struck by the appellants' car on January 10, 1963, at 3:45
p.m., on East Madison Street, at or near its intersection with
McGilvra Boulevard East, in Seattle, King County, Wash-
ington.

Respondent, an employee of a private contractor, had
been directed to clean mud and debris from the street and,
for that purpose, was working with a long steel bar, wheel-

*Reported in 412 P.2d 123.

†Judge Cochran is serving as a judge pro tempore of the Supreme
Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

barrow, broom, and shovel. Barricades with amber flashing lights had been set out in the street to warn westbound traffic on East Madison Street.

Appellant husband was driving west on East Madison in the outside lane and had been for 3 blocks up to the point of the accident. The sun was in his eyes so that he could not see anything forward of his car on the right or out of the right side of his car. He did not see respondent or the barricades prior to the accident and respondent did not see appellant.

At the close of all the evidence, the court found appellant guilty of negligence as a matter of law and submitted to the jury only the issues of respondent's contributory negligence and damages. The jury returned a verdict for appellants. Thereafter the trial court granted a new trial on the grounds that its instruction No. 5 dealing with persons in a public street was an incorrect statement of the law. This appeal followed.

Instruction No. 5 in its entirety is as follows:

If the plaintiff was outside the area protected by the barricades at the time of the accident, he would be regarded in law as a pedestrian and obliged to yield the right of way to automobiles since he was not on a crosswalk. Thus, if the plaintiff was outside the area protected by the barricades, he would be held to be contributorily negligent and not permitted to recover.

If, however, the plaintiff was within the area protected by the barricades, he would not be considered a pedestrian and he would not be required to yield the right of way to automobiles. However, he would be required to exercise reasonable care for his own safety. Among the elements to be taken into consideration in determining whether or not he exercised reasonable care are the type of highway, its locality, the amount of traffic, the weather conditions then existing, the purpose for which the plaintiff was on the roadway, and the opportunities he had to avoid injury.

If the plaintiff was within the area protected by the barricades at the time of the accident he should be permitted to recover from the defendants unless he failed to exercise reasonable care for his own safety. In making this determination, you should consider all of the instructions given in this case, including those on burden

of proof, proximate cause and contributory negligence. If you find that the plaintiff was within the area protected by the barricades at the time of the accident and still failed to exercise reasonable care for his own safety, he cannot recover and your verdict should be for the defendants.

It is the first paragraph of this instruction that the court determined was erroneous.

Two statutes are applicable to persons in a roadway. RCW 46.04.400 provides: " 'Pedestrian' means any person afoot." RCW 46.60.250 provides: "Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right of way to all vehicles upon the roadway."

Since the first paragraph of instruction No. 5 made respondent guilty of contributory negligence as a matter of law, if he was outside the barricades, the trial court felt this was erroneous under the statutes quoted above and the decisions of this court on the rights of persons on roadways.

The statute requiring a pedestrian to yield the right of way to vehicles upon the roadway, refers to pedestrians "crossing a roadway," but respondent was a workman in the roadway and not crossing it. In this state we have a statute (RCW 47.36.200) concerning signs or flagmen at thoroughfare work sites, but it is not involved in this case.

What are the rights and duties of a workman in the roadway? Certainly a workman cannot ignore the dangers to which he is exposed, and fail to take any precaution for his own safety and yet he must be able to perform the duties assigned to him.

We think the proper rule is that a workman in the street has a special status which must be considered in determining whether he has exercised due care for his own safety. A worker is not required to exercise the same degree of care required of an ordinary pedestrian, but must exercise that care which an ordinarily prudent man, similarly employed in the street, would and could take to avoid injury by passing vehicles. See 5 A.L.R.2d 757.

A worker is not required to keep a constant lookout for approaching vehicles, and the question whether such a worker has exercised reasonable care for his own safety in view of his occupation and surrounding circumstances is for the jury under the rule stated above.

Our court has had occasion to rule on the rights of pedestrians on the roadway who were not crossing the roadway. In the case of *See v. Willett,* 58 Wn.2d 39, 44, 360 P.2d 592 (1961), the plaintiff· was injured in a collision which occurred when he was attempting to disengage the bumper of his disabled automobile from that of another automobile which was being used to push it in an endeavor to get it started. The court reviewed prior cases dealing with pedestrians on roadways and concluded: "A person who stands upon the highway must exercise reasonable care for his own safety; and whether the person has complied with this requirement must depend upon all of the circumstances of the case."

The court held that it is for the jury to determine whether the plaintiff had exercised reasonable care for his own safety.

A more recent case is that of *Frasch v. Leedom,* 62 Wn.2d 410, 383 P.2d 307 (1963), where plaintiff, after one accident in which she was involved, was on the highway to render assistance and exchange identifications when defendant's car struck a damaged vehicle causing it to strike and injure plaintiff. The court quotes with approval the rule announced in the case of *See v. Willett, supra,* and concluded that the issue of whether plaintiff exercised reasonable care for her own safety, under all the circumstances, became a question for the jury.

We agree with the trial court's conclusion that the first paragraph of instruction No. 5 was an incorrect statement of the law and that the case should be resubmitted to the jury under instructions in conformity with the rules stated herein.

Since this case is to be retried, we will consider appellants' exception to the rule of the trial court finding the appellant driver guilty of negligence as a matter of law.

Appellants concede that it is clear from our cases that one whose vision is completely obscured is negligent as a matter of law, but that such a rule does not apply to a driver whose vision is partly obscured, and that appellant's vision was only partly obscured because he could see to the left front and left side of his car.

Fog was involved in the case of *Eldredge v. Garrison,* 184 Wash. 687, 692, 52 P.2d 1240 (1935). The court said:

> Such an atmospheric condition frequently causes, and even requires, vehicles to stop on the highway . . . . While a driver's attention . . . may properly be directed to the right-hand margin of the pavement, to be free from negligence a driver must proceed at no rate faster than one which will allow him to also carefully observe the roadway in front of him and devote such attention to the roadway as will allow him to observe anything resting thereon in time to take appropriate action.

This is the rule that has been consistently followed by this court. Appellant should not drive any faster than that speed which would allow him to also observe the roadway to the front and right side and give such attention to such part of the roadway as will allow him to observe anything thereon in time to take appropriate action, which would include the duty to stop.

To the extent that appellant could not see things on the right front of his car and to the right, as to those, it was the same as if he could not see at all. As to persons or property not able to be seen by a driver by virtue of total obstruction to part of his view, it is the same as if his vision was completely obscured.

Since appellant did not and could not see respondent and the barricades, the trial court properly held him to be negligent as a matter of law.

The judgment of the trial court granting respondent a new trial is affirmed.

ROSELLINI, C. J., DONWORTH, FINLEY, and HAMILTON, JJ., concur.