**Jay R. HENDLER, a minor by his Guardian ad Litem, Ed Hendler, Appellant,**

v.

**Robert L. NEILSON, a minor, by his Guardian ad Litem, R. A. Neilson and Jane Doe Neilson, husband and wife, Appellees.**

**No. 21273.**

United States Court of Appeals
Ninth Circuit.

May 9, 1967.

Theodore Peterson, Peterson, Taylor & Day, Pasco, Wash., for appellant.

Jerome Williams, Cashatt, Williams, Connelly & Rekofke, Spokane, Wash., for appellees.

Before BARNES, HAMLIN and KOELSCH, Circuit Judges.

HAMLIN, Circuit Judge.

Jay R. Hendler, appellant herein, filed an action in the United States District Court for the Eastern District of Washington, Northern Division, against Robert L. Neilson, appellee herein, to recover damages for personal injuries resulting from an automobile accident which occurred in Washington on November 29, 1964. At the close of appellant's case in chief the district court granted a defense motion for dismissal upon the ground that appellant was guilty of contributory negligence as a matter of law. From the resulting judgment this appeal was noticed.

The district court had diversity jurisdiction pursuant to 28 U.S.C. § 1332; the appellant is a citizen of the state of Washington and the defendant a citizen of Oregon. This court has jurisdiction pursuant to 28 U.S.C. § 1291.

█ In ruling on the existence of contributory negligence as a matter of law before the jury receives the case, the court must accept as true the plaintiff's evidence together with all reasonable inferences arising therefrom and the court must make the most favorable interpretation of the evidence for the plaintiff. "No element of discretion is involved, and such motions can be granted only when the court can say, as a matter of law, there is no substantial evidence to support the opponent's claim." Frasch v. Leedom, 62 Wash.2d 410, 383 P.2d 307. See Miller v. Payless Drug Stores of Washington, 61 Wash.2d 651, 379 P.2d 932; Lambert v. Smith, 54 Wash.2d 348, 340 P.2d 774; Williams v. Hofer, 30 Wash.2d 253, 191 P.2d 306.

Looking at the record in the light most favorable to appellant, the following facts appear. At about 4:30 or 4:45 p. m. on November 29, 1964, appellant was riding as a passenger in an automobile driven by Philip Sargent on a public highway in Washington. Appellant and Sargent and three other passengers in the car were all students of Washington State University and were returning there after Thanksgiving vacation. While proceeding on the highway the left rear tire went flat. Sargent, the driver of the car, pulled the car over to the right as far as he could go "without possibly slipping into the culvert" which was on the right hand side. He testified that the left side of his car projected on the highway "probably about a foot, possibly a little more." The road shoulder was "real muddy and wet." "It was just getting dusk," but "it wasn't really too dark."

Prior to the flat tire Sargent had been driving without lights, but after the car stopped and the occupants prepared to fix the tire, appellant turned on the red blinker light on the left rear side of the car and it remained on until after the accident. The plaintiff also got a flashlight which projected a white light with a red rim around it. A jack was placed under the back of the car toward the left side "off the edge of the road in the gravel." While one of the boys was removing the tire, appellant went down the road with the flashlight flagging cars. He testified that automobiles were going by in both directions and they had no problems.

After the flat tire had been removed and another tire placed on the rim appellant switched off with one of the other boys and was putting on the lug nuts while Sargent was flagging with the flashlight. Sargent testified that he proceeded to walk down the highway "twenty, thirty, maybe more, feet" flagging cars with his flashlight in his right hand motioning to the left side of the road.

Appellant was leanng over tightening the lug nuts. He wore a sweater with horizontal black and white stripes, "a very contrasting sweater," and a white fishing hat freshly laundered. Several cars passed by in both directions without any accident. Sargent then saw three or four cars coming in the same direction in which their car was headed. These cars passed safely by the parked car. When these three or four cars pass-

ed, Sargent saw two more cars approaching from the same direction. The first turned out and passed around the parked car, but the second one, which was driven by appellee, grazed the parked car and hit appellant, throwing him 35 or 40 feet in front of the car. Appellant suffered substantial injuries.

A passenger driving with appellee testified that she saw the flashlight and the car parked on the side of the road. At the scene of the accident the road is straight for about 1070 feet and the paved portion is 20 feet 9 inches wide. Sargent testified that at the time of the accident he recalled no cars coming in the opposite direction from that in which the parked car was headed.

See v. Willett, 58 Wash.2d 39, 360 P.2d 592 (1961), involved an accident in which the bumpers of two cars became locked and they stopped on the traveled portion of a highway, although the shoulders of the highway were wide enough to accommodate automobiles of ordinary width. The plaintiff was standing at the left end of the forward car attempting to disengage its rear bumper when an automobile driven by the defendant struck the rear car. The trial court directed a defense verdict holding that the plaintiff was a pedestrain and, as such, was required by Washington law to yield the right of way to vehicles. See R.C.W. 46.60.250.

The Washington Supreme Court reversed. It suggested that the pedestrain statute might not apply to one servicing a disabled vehicle and after carefully reviewing past cases declared:

"We think the proper rule to be derived from these cases is that stated in Myers v. West Coast Fast Freight, Inc., [42 Wash.2d 524, 256 P.2d 840] to wit: A person who stands upon the highway must exercise reasonable care for his own safety; and whether the person has complied with this requirement must depend upon all of the circumstances of the case."

Finally, the court stated that "[i]t was for the jury to determine whether the plaintiff had exercised reasonable care

for his own safety," and concluded that reasonable minds could differ as to whether the plaintiff was contributorily negligent.

In Bauman v. Complita, 66 Wash.2d 496, 403 P.2d 347, 348 (1965) it is stated:

"The issue of contributory negligence is generally one for the jury to determine from all the facts and circumstances of the particular case. It is only in rare cases that the court is justified in withdrawing the issue of contributory negligence from the jury. Baxter v. Greyhound Corp., 65 Wash.2d 421, 397 P.2d 857 (1965); Becker v. Tacoma Transit Co., 50 Wash.2d 688, 695, 314 P.2d 638 (1957); Hynek v. City of Seattle, 7 Wash.2d 386, 398, 111 P.2d 247 (1941); McQuillan v. City of Seattle, 10 Wash. 464, 465, 38 P. 1119 (1895)."

In Owens v. Young, 59 Wash.2d 30, 365 P.2d 774 (1961) the inference of contributory negligence seems stronger than that in the present case. The Washington Supreme Court reversed a directed verdict finding contributory negligence by stating:

"We have said that only in the clearest cases is the court justified in determining that minds of reasonable men could not differ, and in deciding the issue of contributory negligence as a matter of law. O'Brien v. [City of] Seattle, 1958, 52 Wash.2d 543, 327 P.2d 433. The court exercises no discretion in its determination of this issue of law. In deciding what constitutes such a clear case at the close of the evidence, the court is not justified in basing its determination upon an assumption that the jury might conclude from the facts that contributory negligence was established. To be such a clear case, the evidence of contributory negligence must be so conclusive that the court would have committed error to have submitted the issue to the jury. Guerin v. Thompson, 1959, 53 Wash.2d 515, 335 P.2d 36."

We think that Washington state courts would hold that reasonable minds

could find appellant not negligent when he proceeded to change the tire after taking what could be held to be adequate safety precautions. We observe that Washington appellate courts consistently set aside directed verdicts on the issue of contributory negligence. Had this case been resolved by the jury before the district court decided the issue as a matter of law, a retrial of the entire case would have been avoided.[1]

Reversed and remanded for a new trial.