[No. 5118-1.   Division One.   May 8, 1978.]

BART W. DAILEY, *Appellant,* v. HUBERT M. LANGE, ET AL, *Respondents.*

---

*Arthur D. Swanson,* for appellant.

*Merrick, Hofstedt & Lindsey* and *Thomas J. Collins,* for respondents.

RINGOLD, J.—In February 1974, during the gasoline shortage crisis, the plaintiff, a Renton police officer, was assisting the movement of traffic on North 30th in Renton when he was struck by defendant's vehicle. Lange, eastbound at 5 to 8 miles per hour, swerved to the right to miss a car leaving a gasoline station on the north side of the road and in doing so struck Dailey, who was walking westbound along the edge of the roadway. Dailey was proceeding alongside a line of cars parked partially on the roadway, and partially on the shoulder. From a verdict for the defendant, the plaintiff appeals. Plaintiff assigns as error the giving of certain instructions and failing to give the plaintiff's proposed instruction providing that a police officer enjoys a special status which must be considered in determining whether he has exercised due care for his safety, and that a driver must drive at a speed which is prudent in light of conditions then existing.

The trial court did not err in refusing to give plaintiff's proposed instruction on excessive speed. The question of the defendant's speed is amply covered in the general instruction requiring the jury to determine whether or not

the defendant exercised reasonable care under the circumstances.

We reverse the trial court, however, for submitting to the jury the instruction under which a police officer performing his duty is considered a "pedestrian," and failing to give plaintiff's proposed instruction regarding the special status of a police officer.

### DAILEY A PEDESTRIAN?

The trial court gave the following instruction to the jury based upon RCW 46.61.250 and RCW 46.04.400:

> Where sidewalks are not provided any pedestrian walking along upon a highway shall, when practicable, walk only on the left side of the roadway or its shoulder facing traffic which may approach from the opposite direction and upon meeting an oncoming vehicle shall step clear of the roadway.
> "Pedestrian" means any person afoot.
> This right of way, however, is not absolute, but relative, and the duty to exercise ordinary care to avoid collisions rests upon both parties.

Also included in the instructions was WPI 60.01, which instructs the jury that the violation of a statute is negligence, as a matter of law. The impact of the instruction given by the court is that the violation of the statutory duty constitutes negligence per se on the part of Dailey because he was a "pedestrian, a person afoot." The language of the instruction, that the right–of–way is not absolute but relative and the duty to exercise ordinary care to avoid collisions rests upon both parties, did not absolve the instruction from the directive to find as a matter of law that the plaintiff was negligent.

█ In a line of cases best exemplified by *Bradley v. Maurer,* 17 Wn. App 24, 560 P.2d 719 (1977), judicial license is taken with the definition of pedestrian. Bradley was standing in the middle of the roadway after his vehicle had collided with another. His vehicle was stopped partially across the center line with a portion of the vehicle on the inside lane. Maurer drove his vehicle through the accident

scene, hitting the door of Bradley's vehicle, which was opened into Maurer's lane of traffic, causing Bradley's vehicle to hit Bradley. The *Bradley* court held that Bradley was not a pedestrian within the purview of RCW 46.61.240(1),[1] who is required to "yield the right of way to all vehicles upon the roadway," and was under a duty only to exercise reasonable care for his own safety. *See Gooschin v. Ladd,* 177 Wash. 625, 33 P.2d 653 (1934).

## SPECIAL STATUS

RCW 46.61.030 provides:

Unless specifically made applicable, the provisions of this chapter except those contained in RCW 46.61.500 through RCW 46.61.520 shall not apply to *persons,* motor vehicles and other equipment *while engaged in work* within the right of way of any highway but shall apply to such persons and vehicles when traveling to or from such work.

(Italics ours.)

Based upon the above statute, Dailey proposed an instruction giving to a police officer a special status:

A police officer is not required to keep a constant lookout for approaching vehicles, and when in the street he has a special status which must be considered in determining whether he has exercised due care for his own safety. A police officer is not required to exercise the same degree of care of an ordinary pedestrian, but must exercise that care which an ordinarily prudent man, similarly employed in the street, would and could take to avoid injury by passing vehicles.

While we do not approve the form of the proposed instruction, the special status of the police officer directing traffic was squarely before the trial court. We hold that a person in the position of the plaintiff police officer whose duty it was to control traffic at the point where the occurrence took place is a "person engaged in work within the right of way of any highway" within the terms of RCW

---

[1]"Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right of way to all vehicles upon the roadway." RCW 46.61.240(1).

46.61.030. He is not required to keep a constant lookout for approaching vehicles and is not held to the same duty as a pedestrian under RCW 46.61.250. The jury should have been instructed accordingly. *James v. Edwards,* 68 Wn.2d 194, 412 P.2d 123 (1966).

This cause is reversed and remanded to the trial court for a new trial in accordance with this opinion.

JAMES and SWANSON, JJ., concur.