(588 P 2d 479)
No. 49,550

JOHN C. CHANCE, *Appellee,* v. CAROLYN SCROGGINS, *Appellant.*

Opinion filed December 22, 1978.

*Bradley McTavish,* of Kansas City, Missouri, and *Timothy V. Pickell,* of Wallace, Saunders, Austin, Brown & Enochs, of Overland Park, for appellant.

*Richard L. Roberts,* of Lowe, Terry & Roberts, of Olathe, for appellee.

Before FOTH, C.J., REES and SWINEHART, JJ.

REES, J.: The defendant appeals from a judgment entered on a jury verdict against her. Plaintiff was awarded damages for personal injuries sustained when struck by defendant's car. We affirm.

At the time of the accident on June 25, 1974, plaintiff was employed by SCA Services, Inc., which was under contract with the city of Leawood to collect trash. Plaintiff was struck by defendant's car as he proceeded afoot from behind a stopped trash truck to collect trash bags on the side of the street opposite that where the truck was stopped. The truck was facing east. Plaintiff was traveling west. Plaintiff testified he looked around the back end of the truck and to the east; he saw nothing; and his view was somewhat obstructed because the truck was located on a curve in the street. Defendant testified she was driving at twenty-five miles per hour and started slowing when she saw the truck stopped ahead of her. Nevertheless, plaintiff and defendant's car collided as plaintiff moved from behind the truck to cross the street.

Defendant's first contention on appeal is that plaintiff was guilty of contributory negligence as a matter of law and that the trial court erred in overruling her related motions for directed verdict and judgment. We have reviewed the evidence. Plaintiff's contributory negligence was a jury question. All witnesses who testified as to the physical features in the area of the accident described a curve in the street at and to the east of the truck. There is no conclusive evidence establishing the uninterrupted

eastward distance from the truck within which plaintiff could see approaching vehicles. Whether plaintiff's conduct under the existing circumstances was that of reasonable care was a jury question. Only when it can be said that reasonable men could reach but one conclusion from the evidence can the issue of contributory negligence be decided as a matter of law. *Simpson v. Davis,* 219 Kan. 584, 588, 549 P.2d 950 (1976).

It is next contended that the trial court erred in refusing to give the instruction concerning the duty of a pedestrian to remain in a safe place found at PIK Civ. 8.36(c) (1975 Supp.) and PIK Civ. 2d 8.36(c) (1978):

"The laws of Kansas provide that no pedestrian shall suddenly leave a curb or other place of safety and walk or run into the path of a vehicle which is so close *as to constitute an immediate hazard.*" (Emphasis supplied.)

Defendant may not object to the refusal to give this instruction because it was not requested in writing as required by K.S.A. 60-251(*a*). Further, the quoted pattern instruction is a statement of K.S.A. 8-1533(*b*) (Weeks), a statute not in effect at the time of the accident. The predecessor statute then in effect was K.S.A. 8-556(*c*) (Corrick, 1973 Supp.), which read:

"No pedestrian shall suddenly leave a curb or other place of safety and walk or run into the path of a vehicle which is so close *that it is impossible for the driver to yield.*" (Emphasis supplied.)

Although it may be contended the variance is of no great magnitude, the fact remains that the requested instruction was not a correct instruction of the then existing statutory law.

The third, last and most substantial argument on appeal is defendant's claim that Instruction No. 9 was erroneous. That instruction was as follows:

"You are instructed that it is the duty of an ordinary traveler on a highway to keep a lookout for approaching vehicles; but where a person's work requires his presence in the street, the relationship is different, and such workman is not required to keep the same lookout as the traveler. Such workman has a right to assume that the customary warnings and precautions will be given. Such workman shall keep such lookout for vehicles as an ordinarily careful man similarly situated would keep."

The trash truck in which plaintiff was riding on the day of the accident was a bright red, two-ton Chevrolet equipped with four yellow flashing lights on each corner of the truck. The lights were flashing at the time of the accident.

K.S.A. 8-1531(*a*) (Weeks) states:

"The driver of a vehicle shall yield the right-of-way to any authorized vehicle or pedestrian actually engaged in work upon a highway within any highway construction or maintenance area indicated by official traffic-control devices."

Defendant objected to Instruction No. 9 at trial on the ground plaintiff was not a "workman" as contemplated by K.S.A. 8-1531(*a*) (Weeks) but simply was a pedestrian as statutorily defined by K.S.A. 8-1446 (Weeks), *i.e.,* " 'pedestrian' means any person afoot." The same point is raised on appeal. Defendant argues Instruction No. 9 misled the jury by allowing it to consider the case as if plaintiff was not required to keep the same degree of lookout as the ordinary pedestrian.

Again defendant relies upon statutes not in effect on the accident date. The applicable statutory definition of a pedestrian was the same but it was contained in K.S.A. 8-501 (Corrick, 1973 Supp.). Of greater importance, however, is the fact that it appears there was no statute in effect on the accident date that was the predecessor of or comparable to K.S.A. 8-1531(*a*) (Weeks).

We pause to note that in her brief defendant completes her totally erroneous citation of statutes by referring to the duty of a pedestrian to yield the right of way to vehicles that appears at K.S.A. 8-1537(*d*) (Weeks). That statute was not in effect on the accident date and we find no predecessor or comparable statute then in effect.

We find no reversible error in the challenged instruction although it may have been better worded and phrased. Plaintiff's work required him to be in the streets of Leawood. The trash truck was equipped with flashing yellow lights as a warning to oncoming drivers. Although a workman in the street, whether or not he is engaged in street construction or maintenance, cannot utterly disregard his own safety, we conclude his duty of care is not the same as that of an ordinary pedestrian crossing the street who has no work related demand on his attention. By working in close proximity to the trash truck with flashers going, plaintiff could assume oncoming drivers would be warned of his presence. See generally 7 Am. Jur. 2d, Automobiles and Highway Traffic § 385, pp. 935-937. Plaintiff's lookout duty was that of a reasonable person under the existing circumstances. Simply put, the plaintiff's lookout duty was that to be found by the jury to be owed by a reasonably careful trashman working in the vicinity of

the SCA Services trash truck at the time and place of this accident. See *Johnston, Administratrix v. Ecord,* 196 Kan. 521, Syl. ¶ 2, 528, 412 P.2d 990 (1966).

There appears to be no Kansas case authority in point. The briefs of the parties have afforded us little help in finding case authority elsewhere that concerns the lookout duty of persons such as this plaintiff. Defendant's argument is strictly geared to literal statutory language, the faults of which we have noted. Though there may be other cases, the most analogous authority we have found is *Ledford v. Southeastern Motor Truck Lines,* 29 Tenn. App. 675, 200 S.W.2d 981 (1946). We recognize that the plaintiff in that case was a state highway department employee. However, his principal work was off the roadway, on the shoulders, and he was required to cross from one side of the roadway to the other in performance of his duties. In *Ledford* it is said:

"The rule requiring railroad employees working about a track to be constantly on the lookout and never to become so engrossed in their work as to preclude their taking precautions necessary to ascertain whether a train is approaching, is not applicable to laborers working on a street or highway. The reason is that vehicles on the highway are not confined to a track as are railroad trains and can easily avoid workmen by going around them. . . . Such a workman is not an ordinary pedestrian with no care other than for his own safety. On the contrary, he must necessarily devote his attention to his work and it is generally held that he is not guilty of contributory negligence for failure to keep a sharp lookout for approaching vehicles.

. . . .

"In starting across the highway, plaintiff had a right to proceed upon the assumption that the driver of any vehicle that might come in sight while the operation was in progress would take due notice of the situation and take whatever precautions were necessary to avoid striking his vehicle. In these circumstances we are of the opinion that the question of whether ordinary care required more of the plaintiff than he did, was a question for the jury." 29 Tenn. App. at 680-682.

We venture no opinion concerning the applicability of K.S.A. 8-1531(*a*) (Weeks) to the facts of this case.

Affirmed.