Argued and submitted May 17, reversed and remanded October 27,
reconsideration denied December 10, 1982,
petition for review allowed January 4, 1983 (294 Or 391)
See 295 Or 22, 663 P2d 1240

## MINATO,
*Appellant,*

*v.*

## FERRARE,
*Respondent.*

(No. 79-472-L, CA A21705)

652 P2d 867

Thomas C. Howser, Ashland, argued the cause for appellant. With him on the brief was Cottle, Howser & Cue, Ashland. With him on the reply brief was Cottle & Howser, Professional Corporation, Ashland.

William V. Deatherage, Medford, argued the cause for respondent. On the brief were John B. Rogers and Frohnmayer, Deatherage & deSchweinitz, Ashland.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

YOUNG, J.

Gillette, P. J., dissenting.

## YOUNG, J.

Plaintiff appeals from the judgment entered on a jury verdict in his favor by which the jury assessed total damages of $113,500 and found plaintiff to be 45 percent at fault. The issue presented is the application of the statutes governing the activities of pedestrians to an individual who is employed by a private survey crew and is working in the road. We find that the instructions given by the trial court in this regard were erroneous and reverse.

The facts as they relate to this appeal are not disputed. On March 21, 1978, plaintiff was working as a surveyor's assistant for a private employer. In carrying out his duties he was required to stand on the centerline of the Williams Highway, south of Grants Pass, to allow the surveyor, who was off the road, to determine a point on the section line. The point used by the surveyor was on the centerline of the highway. While plaintiff was holding a plumb bob on the centerline of the highway, he was struck by a car driven by defendant.

Plaintiff assigns error to the failure of the trial court to give one of his requested instructions concerning the standard of care required of a worker in the road. He also assigns error to the giving of six instructions, based on the Motor Vehicle Code, describing the responsibilities of pedestrians on or near the road.

The instructions given by the trial court were derived from ORS 487.285 - 487.355, which contain the "Rules of the Road" for pedestrians. The jury was told:

"* * * I further instruct you that it is the law of this State that a pedestrian shall not suddenly leave a curb or other place of safety and move into the path of a vehicle which is so close as to constitute an immediate hazard.

"I instruct you that the law of the State of Oregon provides a pedestrian commits the offense of failure to yield the right of way if he fails to yield the right of way to a vehicle upon a roadway when he is crossing the roadway at any point other than within a marked crosswalk or at an unmarked crosswalk at an intersection.

"I instruct you that the law of the State of Oregon provides that the other provisions of the law concerning

rights of way for pedestrians or drivers does not relieve the driver or pedestrian from the duty to exercise due care.

"I instruct you that the law of the State of Oregon provides that a pedestrian violates the law in not using a shoulder if he positions himself along or proceeds along the roadway where there is an adjacent usable shoulder.

"Further, a pedestrian violates the law of this State if he fails to position himself upon, or proceeds along and upon a highway which has neither sidewalks nor shoulder available, as near as practicable to the outside edge of the roadway and if the roadway is a two way roadway, only on the left side of it.

"I instruct you that the law of the State of Oregon provides that a pedestrian upon a roadway shall yield the right of way to all vehicles upon the roadway.

"I instruct you that a person upon a roadway, as Plaintiff was at the time of the accident, engaged in private survey work, must yield the right of way to vehicles upon the roadway the same as any other person standing or working upon the roadway."

Plaintiff contends that the statutes governing the actions of pedestrians on the roadway do not apply to workers on the road. Plaintiff relies on *Graves v. Portland etc. Power Co.,* 66 Or 232, 134 P 1 (1913), and *McCarty v. Hedges et al,* 212 Or 497, 309 P2d 186, 321 P2d 285 (1958), for the proposition that " 'while a worker must take some care for his own safety, he is not charged with the same degree of care as an ordinary pedestrian * * *.' " *McCarty v. Hedges et al, supra,* at 519; *cf. White v. East Side Mill Co.,* 84 Or 224, 161 P 969, 164 P 736 (1917) (police officer held to ordinary care required *by the circumstances then existing).*

Since those cases were decided, Oregon statutes have been amended to include a definition of pedestrian as "* * * any person afoot * * *." ORS 487.005(14). In addition, ORS 487.045 now provides:

"Unless otherwise specifically provided, the provisions of chapter 451, Oregon laws 1975, except those relating to a serious traffic offense, do not apply to persons, motor vehicles and other equipment employed by the United States, this state, any county, city, district or other political subdivision or a public utility while on a highway and working or being used to service, construct, maintain or

repair the facilities of the utility, or to persons, motor vehicles and other equipment while operated within the immediate construction project, as described in the governmental agency contract if there is a contract, in the construction or reconstruction of a street or highway when the work is being done in an area that is signed in accordance with the manual adopted under the provisions of ORS 487.853, but shall apply to such persons and vehicles when traveling to or from such facilities or construction project."

The issue before us is whether the enactment of these statutes changed the rule announced in *Graves v. Portland etc. Power Co., supra:*

"* * * It must occur to a reasonable mind that in this age of strenuous endeavor, in order to do efficient work and to scant not the measure thereof, the individual toiler must pursue his employment sometimes to the utter engrossment of his faculties and, realizing the present necessity of concentration, the courts of modern thought have announced the rule that those persons engaged in work upon the public streets are not called upon to exercise the same diligence in avoiding accidents as pedestrians who use the street merely as a medium of locomotion. * * *." 66 Or at 243-44.

We conclude that they have not changed that rule and that the instructions given in this case were erroneous. First, despite the broad definition of "pedestrian," we do not believe that it was intended to encompass those whose work requires them to be in the roadway. If such workers were bound to the rules that govern the actions of pedestrians traveling on the road, they would violate the law by doing what their jobs require. For example, a worker such as plaintiff would violate ORS 487.320 (pedestrian's use of sidewalk, shoulder and roadway edge) by undertaking to perform the job that required that he hold a plumb bob at a particular point on the centerline of the roadway.

It has long been the general rule that workers in the road are not treated as pedestrians, *see Graves v. Portland etc. Power Co, supra; James v. Edwards,* 68 Wash 2d 194, 412 P2d 123 (1966); *Mecham v. Crump,* 137 Cal App 200, 30 P2d 568 (1934); *Chance v. Scroggins,* 3 Kan App 2d 11, 588 P2d 479 (1978); *Hartwig v. Olson,* 261 Iowa 1265, 158 NW2d 81 (1968); *Schutz, Jr. v. Breeback,* 228 Md 179, 178 A2d 889 (1962); *Myers v. Pearce,* 102 Ga App 235, 115

SE2d 842 (1960); *White v. Sands, Administratrix,* 197 Va 617, 90 SE2d 835 (1956); *Knowles v. Stargel,* 261 Wis 106, 52 NW2d 387 (1952); *Annot.,* 5 ALR2d 757 (1949). This has been so even where there is a statutory definition of pedestrian similar to that provided in ORS 487.005(14). *See, e.g., James v. Edwards, supra.* There remains a distinction between those whose work requires that they be in the road and pedestrians "who use the street merely as a medium of locomotion." *See Graves v. Portland etc. Power Co., supra,* 66 Or at 244.

In addition, we find that the exclusion from certain provisions of the motor vehicle code contained in ORS 487.045 does not necessarily indicate a legislative intention that *all* other persons on the road be considered as pedestrians and subject to the statutes governing the actions of pedestrians. The original version of what is now ORS 487.045 was enacted by Oregon Laws 1931, chapter 360, section 4, which provided:

> "* * * The provisions of this act shall not apply to persons, teams, motor vehicles and other equipment while actually engaged in work upon the surface of a highway, but shall apply to such persons and vehicles when traveling to or from such work."

In 1967, the legislature amended what was then ORS 483.032(2) to provide a narrower exclusion:

> "The provisions of the sections enumerated in subsection (1) of this section do not apply to persons, motor vheicles and other equipment while operated within the immediate construction project, as described in the governmental agency contract, in the construction or reconstruction of a street or highway, but shall apply to such persons and vehicles when traveling to or from such construction project."

The legislative history of this 1967 enactment indicates that the concern of the legislature was with licensing and registration of oversized vehicles used in construction projects.[1] There was no discussion of the rights or obligations of workers in the road *vis-a-vis* the pedestrian statutes.

---

[1] *See* Minutes, Senate Highways Committee (May 2, 1967 — statement by Rep. Turner, amendment sponsor); *see also* Minutes, House Committee on Highways (March 9, April 4 and April 6, 1967 — general discussion of amendment).

In the 1975 recodification of the motor vehicle laws, ORS 483.032 was repealed and replaced by Oregon Laws 1975, chapter 451, section 10, codified as ORS 487.045. That statute was amended slightly in 1977 to its present form. The current statute provides an exception from portions of the motor vehicle code for those employed by certain public entities or working under contract with such entities. It does not purport to change the common law rule established in this state in *Graves*. "[J]udicially-created law is not changed by legislative act unless the intent of the legislature to do so is clearly shown. *Lovell v. School Dist. No. 13*, 172 Or 500, 143 P2d 236 (1943)." *Smith v. Cooper*, 256 Or 485, 494, 475 P2d 78 (1970). The legislature has not shown a clear intent to change the rights and responsibilities of a worker in the road, and we conclude that the rule announced in *Graves* is still the law in this state.

■ Defendant argues that, even if the rule in *Graves* is still the law in this state, that rule applies only to those engaged in construction and maintenance of public streets and highways. and does not apply to one working for a private survey crew. Although it is true that both *Graves v. Portland etc. Power Co., supra* and *McCarty v. Hedges et al, supra,* involved workers who were engaged in construction or maintenance of the highway, the rationale for the rule is not limited to those who are working for public bodies. A job such as plaintiff was performing for a private survey company legitimately required that he position himself in the roadway. There is no reason that a surveyor should be expected to pay less attention to his work because he is working for a private survey crew than if he were working for a survey crew employed by the state. The rule in *Graves* was not limited by its terms to those working for a public body, and we see no reason that the rule should be so limited. It follows, then, that the court's instructions to the jury regarding the obligations of pedestrians were erroneous.

■ Plaintiff also assigns error to the trial court's refusal to give the following instruction:

"You are instructed that one whose duties of employment require that he work in or near a public street or

highway is not required to exercise the high degree of care which might be exercised by a common pedestrian. In this regard you are to apply a standard of reasonable care to be expected of a person in such a position in light of all the circumstances."

Although this instruction is an accurate statement of the law under *Graves,* we do not believe that it was error for the trial court to fail to instruct the jury in this language. The jury was instructed that negligence

"is the doing of some act which a reasonably prudent person would not do or the failure to do something which a reasonably prudent person would do, under the same or similar circumstances.

"The care should be in keeping with dangers, apparent or reasonably to be expected at the time and place in question, and not in the light of after effects or hindsight."

The duty of care required of a worker in the street is that of a reasonable and prudent person *in the same or similar circumstances.* That is what the jury was told. We do not believe that it is necessary to instruct the jury that plaintiff's duty was different from that of a pedestrian or any other person in some other situation.

Reversed and remanded.

**GILLETTE, P. J.,** dissenting.

I regret to say that I am forced to dissent from the majority opinion for two reasons: (1) the majority completely misunderstands the plain meaning of the language of the statute in question, and (2) the majority misunderstands the case law that preexisted the statute.

The sole issue in this case is the application of ORS 487.045, which provides:

"Unless otherwise specifically provided, the provisions of chapter 451, Oregon laws 1975, except those relating to a serious traffic offense, do not apply to persons, motor vehicles and other equipment employed by the United States, this state, any county, city, district or other political subdivision or a public utility while on a highway and working or being used to service, construct, maintain or repair the facilities of the utility, or to persons, motor vehicles and other equipment while operated within the

immediate construction project, as described in a governmental contract, if there is a contract, in construction or reconstruction of a street or highway when the work is being done in an area that is signed in accordance with the manual adopted under the provisions of ORS 487.853, but shall apply to such persons and vehicles when travelling to or from such facilities or construction project."

To me, the language could not be clearer. *Unless* an individual who is on the road is a person employed by the United States, this state, a county, city, district or other political subdivision or a public utility or is a person employed by someone who is under contract to one of the aforementioned entities, the rules of the road apply to that individual. It is admitted in this case that the plaintiff is not such a person. Thus, the plain language of the statute forecloses the issue raised by the appellant.

However, the majority attempts to make an issue out of the language of the statute: "The issue before us is whether the enactment of these statutes has changed the rule announced in *Graves v. Portland, Etc. Power Co.,* [66 Or 232, 134 P 1 (1913)]." (60 Or App at 126.) Inasmuch as the language is clear, no such issue arises. However, and assuming that such an issue arises, the majority misunderstands the rule of *Graves.*

A fair reading of *Graves* indicates that it is a case involving a person who would have fallen within the present exemption of ORS 487.045, *i.e.,* a person who was either employed by a municipality or was employed by someone who was under contract to a municipality to repair a road. Thus, the distinction that the majority purports to find between "those whose work requires that they be in the road and pedestrians 'who use the street merely as medium of locomotion' " (60 Or App at 127) is interesting, but it has no basis in the case law. The real distinction— indeed, the only distinction for our purposes—is between those who are described in ORS 487.045 and those who are not. The majority's reference to "the general rule that workers in the road are not treated as pedestrians" is also interesting, but the only rule that is pertinent is that which has been followed in Oregon. I submit that no case in Oregon has ever excused a worker from exercising the

standard of due care which is imposed on the public generally except cases in which the worker was employed by a municipality or was working for an employer who was under contract to a municipality.

Nothing in the majority's discussion of the legislative history is of any help, either. The majority seems to think that the present legislation was not intended to change the rule of *Graves*. I agree, but I understand the rule of *Graves* to be far more limited than that espoused by the majority, *i.e.,* I believe the rule of *Graves* to be that which is stated in the explicit language of the statute.

The crux of this case comes down to the following quote from the majority:

"* * * Although it is true that both *Graves v. Portland Etc. Power Co., supra* and *McCarty v. Hedges et al,* [212 Or 497, 309 P2d 186 321 P2d 285 (1958)], involved workers who were engaged in construction or maintenance of the highway, the rationale for the rule is not limited to those who are working for public bodies. A job such as plaintiff was performing for a private survey company legitimately required that he position himself in the roadway. There is no reason that a surveyor should be expected to pay less attention to his work because he is working for a private survey crew, than if he were working for a survey crew employed by the state. The rule in *Graves* was not limited by its terms to those working for a public body and we see no reason that the rule should be so limited. * * *" (60 Or App at 128.)

The majority's argument again is most interesting. It starts out by acknowledging that the cases in point in Oregon deal only with people who apparently were covered by the explicit language of the present statute. It then goes on to say, however, that the language of the two cases *could* have been applied to persons who did not fall within the specific language of the statute. It then concludes that, because the language *could* have included such people, it *did* in fact include such people. Finally, the majority then concludes that the explicit language of the statute must be read to include more than it appears to, because the doctrine on which it is based could have been applied to more persons than the doctrine was actually applied to by the cases. This

is a fascinating piece of logic, but a terrible piece of statutory construction.

Having no difficulty in reading the statute in question to mean precisely what it says, I respectfully dissent.