(660 P.2d 75)

No. 54,118

Cheryl D. Reeve, *Appellant,* v. Barbara J. McBrearety, *Appellee.*

Opinion filed March 10, 1983.

*Thomas E. Gleason, Jr.,* of Thomas E. Gleason, Chartered, of Ottawa, for the appellant.

*Michael G. Norris* of Payne & Jones, Chartered, of Olathe, for the appellee.

Before Foth, C.J., Spencer and Parks, JJ.

Spencer, J.: This is an action for damages resulting from personal injuries sustained in an automobile collision. Plaintiff has appealed from a jury verdict which found her 54 percent at fault.

During a snowstorm on February 8, 1979, plaintiff was driving on a country road in Franklin County when her car ran into a snowdrift across the road and became stuck. She and her two passengers got out of the car and one passenger left to find help at a nearby farm house. Plaintiff and the other passenger remained on the roadway and attempted to dig the car out of the drift.

Defendant was driving her car on the same road in the same direction at a speed ranging from 20-30 miles per hour. Visibility was limited. There was conflicting evidence as to whether the taillights on plaintiff's car were lighted. In any event, defendant testified she did not see plaintiff's car until she was less than ten feet away, at which time she was unable to stop before the collision. Plaintiff was thrown to the ground as her car moved from the impact.

Before trial, plaintiff moved for an order in limine excluding evidence that defendant was six months pregnant at the time of

the accident. The court denied the motion. At trial plaintiff did not object to evidence of such pregnancy.

Over plaintiff's objection, the trial court gave as its instruction No. 16:

"Any pedestrian standing or walking upon a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right of way to all vehicles upon the roadway."

Plaintiff asserts error in the court having so instructed and argues that although the instruction as given properly states the law under ordinary circumstances, the rule was improperly applied to the facts of this case; that of the options available to plaintiff, she chose to get out of her car and to attempt to free the vehicle from the drift and from the hazardous position in which it had been stopped; that under the circumstances, plaintiff should not be considered a pedestrian with a responsibility to "yield the right of way to all vehicles upon the roadway."

In *Chance v. Scroggins*, 3 Kan. App. 2d 11, 588 P.2d 479 (1978), this court held that a trash collector, who was struck by a car as he proceeded afoot from behind a stopped trash truck, with warning lights flashing, to collect trash bags on the side of the street opposite that where the truck was stopped, was not subject to the same duty of care as an ordinary pedestrian who has no work-related demands on his attention.

It is clear from the record before us that plaintiff was compelled to the transition from driver of a motor vehicle to pedestrian by circumstances, apparently beyond her control, which brought her vehicle to a stop. It is also clear that efforts to free her vehicle from the snowdrift in order to remove it as an obstacle on the roadway were justified if such could be accomplished in a reasonable and prudent manner under the existing conditions. But these are all circumstances properly to be considered by the jury.

As noted in *Wegley v. Funk*, 201 Kan. 719, 723, 443 P.2d 323 (1968):

"[I]f a driver has the right of way, he must still exercise due care to avoid hitting a pedestrian, and, further, whether a pedestrian is negligent in crossing a roadway between intersections is a question for the jury's determination under all the facts and circumstances."

However, as provided by K.S.A. 8-1446: "'Pedestrian' means any person afoot."

At the time of the accident, plaintiff had left her car and was a person afoot upon the roadway. As such, she was a pedestrian by statutory definition and as such it was her duty to yield the right of way to all vehicles upon that roadway as required by the rules of the road, specifically K.S.A. 8-1534(*a*) and K.S.A. 8-1537(*d*). Nevertheless, in formulating an instruction on the basis of these statutes, the court must also take into account the provisions of K.S.A. 8-1535, which provide in part:

"Notwithstanding other provisions of this article or the provisions of any local ordinance, every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian . . . ."

We find the court's instruction No. 16 is a correct statement of law applicable to this case pursuant to statutes which are clear and unambiguous. See *Johnson v. McArthur,* 226 Kan. 128, 135, 596 P.2d 148 (1979). We also find that the court instructed on the duties of plaintiff as a pedestrian and on the duties of defendant as the driver of the oncoming vehicle. When the instructions given in this case are considered and read as a whole without isolating any single instruction, we find they fairly state the law applicable to the case and the jury could not reasonably have been misled by them. *Bechard v. Concrete Mix & Construction Inc.,* 218 Kan. 597, 545 P.2d 334 (1976).

Finally, it is argued the court erred in denying the motion in limine intended to prohibit evidence of defendant's pregnancy at the time of the collision.

As stated in *State v. Quick,* 226 Kan. 308, 311, 597 P.2d 1108 (1979):

"The purpose of a motion in limine is to assure all parties a fair and impartial trial by prohibiting inadmissible evidence, prejudicial statements, and improper questions by counsel. It is generally agreed a protective order issued on a motion in limine should be granted only when the trial court finds two factors are present: (1) The material or evidence in question will be inadmissible at a trial under the rules of evidence; and (2) The mere offer of or statements made during trial concerning the material will tend to prejudice the jury. . . . The material to which the motion in limine is addressed may be either inadmissible under an established rule of evidence, such as the hearsay rule, or it may be excludable under a statute, such as K.S.A. 60-445, because its probative value is substantially outweighed by its tendency to prejudice."

See also *State v. Brown,* 6 Kan. App. 2d 556, 630 P.2d 731 (1981).

K.S.A. 60-404 provides:

"A verdict or finding shall not be set aside, nor shall the judgment or decision

based thereon be reversed, by reason of the erroneous admission of evidence unless there appears of record objection to the evidence timely interposed and so stated as to make clear the specific ground of objection."

In ruling on plaintiff's motion, the court stated:

"I feel from the other motions argued in chambers that there's evidently going to be some question as to whether the speed of the defendant was greater than reasonable and prudent. I think this fact has some bearing upon the reasonableness and prudentness of her conduct at the time and therefore is a germane fact, and I'm going to allow the testimony. I'm going to deny the motion at this time."

We have reviewed the record and have no hesitancy in concluding defendant's testimony was relevant both as to the manner in which she was driving and as to her conduct when talking to the investigating officer after the accident. While it may be true that evidence of her pregnancy was likely to have some effect upon the jury, the admission or exclusion of such evidence was within the discretion of the trial judge. *Schaeffer v. Kansas Dept. of Transportation,* 227 Kan. 509, 608 P.2d 1309 (1980). No abuse of that discretion has been shown.

Moreover and perhaps of equal importance is the fact that after the trial court denied the motion in limine, plaintiff did not renew her objection to the introduction of the evidence. When a motion in limine is denied, the moving party must object to the evidence at the trial to preserve the issue on appeal. See Annot., 63 A.L.R.3d 311.

Judgment affirmed.